ARTCHER, administrator of J. McKINNEY, vs. WHALEN.

THIS was an action of assumpsit, tried at the Saratoga circuit, in May, 1827, before the Hon. Reuben H. Walworth, then one of the circuit judges. The declaration was on four promissory notes; plea, the general issue. A verdict was taken for the plaintiff on the following state of facts, subject to the opinion of this court: On the 5th day of March, 1822, four notes were made by the defendant, payable to the intestate, for $50 each, payable on the first April, 1823, 4, 5 and 6; and a release of dower from the intestate to the defendant, in certain real estate in which she had a right of dower, was executed, and the notes and release were delivered to one Booth Northrop, upon the following conditions: If the intestate delivered up the possession of the said real estate, by the first May, 1822, the notes were to be delivered to her, and the release of dower to the defendant; otherwise, the notes to be returned to the defendant, and the release to the intestate. On the 30th April, 1822, the intestate died on the premises, and was buried the next day. At the time of her death, the intestate had her goods packed up, ready to be removed from the premises, so as to deliver the possession the next day. Previous to the 1st May, the defendant had sold the premises to one Barlow, who, on the 1st or 2d of May, went into possession. The notes were delivered to a son-in-law of the intestate, and the release of dower left in the store of the defendant, he being present and saying he did not want it. The defendant offered to prove a declara-

Where four promissory notes, and a release of dower as the consideration of the notes, were executed, and the whole delivered as an escrow, to take effect on delivery of possession of the premises in which the dower was released, which was to take place on a day certain, and the widow died before the day; it was held, that until the performance of the condition, the notes had not a legal existence, and were inoperative. Had the contract been completed by a mutual delivery of the notes and release, although the widow releasing her dower had died the next moment, the notes would have been good.

Artcher
v.
Whalen.

tion of the intestate, that she did not mean to give up the pos-
session, which evidence was rejected.

*Palmer & Goodrich*, for plaintiff, principally contended, that
the consideration of the notes was the release of the intestate's
right of dower, and that the deposit of the notes was only to
secure the delivery of the possession at the time agreed upon.

*G. W. Kirtland*, for defendant, insisted that the notes, be-
ing delivered as *escrows*, until the condition was performed,
there was not such a delivery as would give efficacy to them.
The condition was not performed, and being of a nature which
could be performed only by the intestate, *eo instanti* she died
the power to perform was forever extinguished. The release
of dower also being delivered as an *escrow*, there was not
such a delivery of it as would support the consideration of the
notes, after the happening of the event which rendered the
performance of the condition impossible. (1 *Shep. Touch.* 59.
*Co. Litt.* 36, *a.* 2 *Black. Comm.* 307.)

*By the Court*, SAVAGE, Ch. J. On the 5th March, 1822,
the plaintiff's intestate, Isabel McKinney, executed to the de-
fendant a release of her right of dower in certain real estate,
of which she was in possession ; and the defendant executed
four notes of fifty dollars each, payable on the first day of
April, 1823, 4, 5 and 6. These notes, and the release of
dower, were put in the hands of Booth Northrop, under this
agreement : That if Mrs. McKinney should deliver up the
possession of the premises which she possessed, by the first
day of May, 1822, then the notes were to be delivered to
her, and the release to the defendant ; but if she did not give
up the possession of the said premises to the defendant, then
the notes were to be re-delivered to the defendant, and the
release to Mrs. McKinney. On the 30th April, 1822, Mrs.
McKinney died on the premises, and on the 1st May she was
buried. Previous to the 1st May, the defendant had sold the
premises to one Barlow, who took possession on or about
the first of May. Before the death of Mrs. McKinney, she
had packed up her goods for the purpose of giving the pos-

UTICA,
Aug. 1828.

Artcher
v.
Whalen.

session of the premises on the first of May. The defendant offered to prove her declarations that she did not intend to deliver possession on that day. Northrup subsequently gave up the notes to the plaintiff, who had married a daughter of Mrs. McKinney, without the consent of the defendant. He also left the release of dower at the defendant's store, he being present and saying he did not want it.

It is not stated in the case, but it is to be presumed, that the defendant was owner of all the title to the premises occupied by Mrs. McKinney, except her right of dower—her life estate. The widow by a release of dower did not profess to convey any thing more than a life estate. Had the contract been completed by a mutual delivery of the notes and the release, although Mrs. McKinney had died the next moment, the notes must have been paid; and on the other hand, had the agreement rested entirely in parol, and no notes nor release had been signed, there could have been no question that the defendant could not be called on to pay. The whole difficulty, then, arises from the inchoate execution of the agreement bewteen the parties. The writings were delivered conditionally. The delivery of possession by the first of May, that is, on or before the first of May, was a condition precedent, and on which the validity of the notes and release depended. Was that condition performed? Mrs. McKinney died in possession on the day previous to the last on which delivery could be given. Previous to her death the condition was not performed, and the condition was not to be performed by her representatives. The notes were given for her interest in certain lands. Before those notes could become operative, neither the widow nor her estate were in existence. The one had descended to the silent tomb, the other passed to the owner of the fee. Until the performance of the condition, the notes had no legal existence; and as the condition was not performed, the notes never had any efficacy. "Where the deed is delivered to a stranger, and apt words are used in the delivery thereof, it is of no more force until the condition be performed, than if I had made it and laid it by me, and not delivered it at all. If the party

in such case get it into his possession before the condition performed, yet he can make. no use of it." (*Shep. Touch.* 59.)

The notes in question were delivered upon a certain con-. dition. That condition was never performed. The notes were, therefore, never operative. The defendant did, indeed, obtain possession of the premises, but that he was entitled to as owner of the fee. It could not be by any act of the widow, for she was dead.

The defendant is entitled to judgment.