Nov. Term,
1860.

Snodgrass
v.
Hunt.

SNODGRASS and Others *v.* HUNT.

Under the code, the plaintiff may, in his reply, in addition to the general traverse, set up new matter in avoidance of the answer, and may tender as many issues as he pleases, so they are not inconsistent with the complaint, or frivolous.

It is not sufficient to assign generally, as a reason for a new trial, "surprise at the trial, which ordinary prudence could not have guarded against," or, "error of law occurring on the trial, and excepted to at the time;" the ground of the surprise should, in the one case, be certainly set out, and in the other, each error of law definitely presented to the Court.

The expression, "each party," as used in § 313, 2 R. S. 1852, p. 107, includes, on the one hand, all persons named as plaintiffs, and on the other, all who are joined as defendants, and "each party," as thus defined, and not each plaintiff, or defendant, is entitled to challenge peremptorily three jurors.

In trespass against several defendants, if the plaintiff proves a joint trespass against part of them only, he can not afterward give evidence of another trespass by all, even against such part alone.

*Monday,
December 10.*

APPEAL from the *Henry* Circuit Court.

DAVISON, J.—*Hunt* sued the appellants, who were the defendants, for an assault and battery. The complaint contains two counts. 1. That on the     day of *November*, 1856, the defendants assaulted, beat, and wounded the plaintiff, whereby he is damaged, &c. 2. That heretofore, on *November* 21, 1856, the defendants unlawfully, and with force, &c., committed an assault on the plaintiff, and him, the plaintiff, did beat, bruise, and wound, to his damage, &c. The defendants answered: 1. By a general traverse. 2. *Son assault demesne.* And, 3. *John Snodgrass*, for separate answer, sets up, by way of counter claim, that on said 21st of *November*, the plaintiff, with force, &c., made an assault on this defendant, and with clubs, &c., did then and there beat, bruise and wound the defendant, to his damage, $6,000, for which he demands judgment against the plaintiff. And defendant avers that the assaulting, &c., of him by the plaintiff, was connected with, and was the cause of, the beating, &c., complained of by the plaintiff.

To the second and third defenses the plaintiff replied by a general denial; and to the second he also replied, specially,

that the beating, &c., in that paragraph alleged, was excessive and cruel, and greatly exceeded what was necessary for the purposes of self-defense, &c.

There was a demurrer to the second reply, on the ground "that several grounds of defense are improperly united, in this; that a general traverse, or *de injuria*, and excess, are each severally replied to the second paragraph of the answer, which replies are inconsistent with each other, and with the complaint, and can not properly be united." The Court overruled the demurrer, and the defendants excepted. There is nothing in this exception. Under the practice act, the plaintiff may, in addition to the general traverse, set up new matter in avoidance of the answer, and may tender as many issues as he pleases, so that they are not inconsistent with the complaint, or frivolous. *Zehnor* v. *Baird*, 8 Ind. 96; 2 R. S., § 67, p. 42. But the defense of excess is, evidently, consistent with the complaint; because, though the plaintiff may have been guilty of what, in point of law, amounted to the first assault, still, if the beating, &c., alleged to have been in self-defense, was, in the language of the reply, "excessive and cruel, and greatly exceeded what was necessary for that purpose," the defendants, themselves, became trespassers; and, being so, were properly charged in the complaint. The issues were submitted to a jury, who found for the plaintiff $1,200, and the defendants moved for a new trial: "1. For surprise at the trial, which ordinary prudence could not have guarded against. 2. Because the damages are excessive. 3. Because the verdict is not sustained by the evidence, and is contrary to law. 4. For error of law occurring on the trial, and excepted to at the time." The Court overruled the motion, and the defendants excepted. The first and fourth causes for a new trial are too general, and not, therefore, properly before us. The grounds upon which the defendants were surprised should have been distinctly pointed out in the Circuit Court. And it is equally essential that each error of law, relied on in support of the motion, should have been definitely presented to the Court, for its consideration. As these requirements, in reference to the first and fourth causes, do not appear to have been complied with in the Court below,

the causes, as they stand assigned, are not available in this Court. *Barnard* v. *Graham*, 14 Ind. 322. While the jury were being empanneled in the cause, the defendants moved the Court to allow *each* defendant to make three peremptory challenges; but the motion was overruled, and they excepted. There is nothing in this exception. The code says: "In all cases where the jury consists of six or more persons, *each party* shall have three peremptory challenges. If the jury consists of a less number than six, *each party* shall have two peremptory challenges." 2 R. S., § 313, p. 107. The terms, "each party," as used in the statute, evidently intend, on the one hand, to include all persons named as plaintiffs, and on the other, all who are joined as defendants; it follows, that " each party," thus defined, is entitled to the prescribed number of peremptory challenges, and no more. This construction prevails, almost universally, in the lower Courts, and, in our judgment, the statute, thus construed, accords with its manifest intent.

Upon the trial, it appeared that the defendants, with others, had assembled for the purpose of celebrating a political victory, and that some of them were engaged in throwing fire balls. One *Fitch*, plaintiff's first witness, testified that one of the balls thus thrown alighted on, and rolled off, the plaintiff's house, who then came out. Witness saw plaintiff and *Sisk*, one of the defendants, both have hold of a club, each pulling. They kept struggling for the club; plaintiff's son then came up and took hold of the club, when *Shore*, another of the defendants, took hold of it, and after pulling awhile through the crowd, the plaintiff came back without it, and said some one had struck him. He then went and got two clubs, and *John Snodgrass*, another of the defendants, having picked up a fire ball to throw it, plaintiff struck him. At this stage of the evidence the witness was proceeding to say that *John Snodgrass*, having retired, soon returned with a club and knocked the plaintiff down, when the defendants objected to proof of any battery, other than that committed by *Sisk* and *Shorel*, "until the plaintiff had shown, by evidence, that the other defendants had been connected with the

battery already proved." But the Court overruled the objection, and the defendants excepted. The rule is, that "In trespass against several defendants, if the plaintiff proves a joint trespass against part of them only, he can not afterward give evidence of another trespass by all, even against such part alone." *Prichard* v. *Campbell*, 5 Ind. 494, and cases there cited. But here, the appellee insists that the evidence fails to show a trespass, by any one, or more, of the defendants, until the plaintiff was stricken and knocked down by *John Snodgrass*. We are inclined to concur in that position. The mere fact that two of the defendants were seen struggling with the plaintiff for the possession of a club, is not proof that they even assaulted the plaintiff. For aught that appears, he himself may have, in that instance, been the aggressor, by attempting, without cause, to dispossess them of their own weapon. Various errors, relative to instructions refused, to the charge given, and to evidence offered by the defendants, but rejected by the Court, are assigned on the record; but these alleged errors do not appear to have been relied on, in the motion for a new trial; because, as has been seen, the causes for such new trial, legitimately stated, relate alone to the amount of damage assessed by the jury, and to the insufficiency of the evidence to sustain the verdict. Evidently, these causes did not authorize the Circuit Court to notice its ruling upon the instructions, or upon the rejected evidence. And the result is, they are not noticeable in this Court. *Kent* v. *Lawson*, 12 Ind. 675.

At the proper time the appellants moved to strike out of a bill of exceptions, certain matter inserted therein by the Court, of its own motion, and which is alleged to be irrelevant. The portion of the bill to which the motion refers, as it is somewhat lengthy, will not be copied in this opinion; but having examined it carefully, we are of opinion that its irrelevancy is not sufficiently apparent to authorize the motion. At all events, the final determination of this case must be the same, whether the matter in question, be, or not, stricken out.

The evidence is upon the record: and its weight, in our

Nov. Term, 1860.

opinion, fully accords with the verdict. And in reference to the damages, we can not say that they are so excessive as to require the interposition of this Court.

*Jeremiah Smith* and *James Brown*, for appellants.

*O. P. Morton*, *W. A. Peele* and *Watson*, for appellee.

