THE BANK OF SALEM, at New Albany, *v.* CALDWELL.

Suit by the *State Bank of Indiana*, for the use of the Branch at *New Albany*, upon a promissory note. Before the determination of the suit, the charter of the State Bank expired; but before that time, the *Bank of Salem* had become the purchaser of the note sued on. A supplemental complaint was filed, showing the transfer, and alleging that the note was given for the purchase money of a certain lot, sold by the State Bank to the defendant, and that a deed had been tendered before suit was brought, which had been handed over to the *Bank of Salem.*

*Held*, that the right to keep up and make good the tender, by a delivery of the deed, passed to the *Bank of Salem* as an incident to the assignment of the note.

APPEAL from the *Knox* Circuit Court.

HANNA, J.—The *State Bank of Indiana*, for the use of the Branch at *New Albany*, sued *Caldwell* on two promissory notes. Answer and reply filed. Before the determination of the suit, the charter of said bank expired by limitation; but preceding the day of such expiration, the appellant had become the purchaser of said claim, together with other suspended debts due said bank, as it is averred in a supplemental complaint. It is also averred, that said notes were executed to secure the payment of a part of the purchase money for a certain lot, sold by the bank to said *Caldwell*, and still held and possessed by him; and that a deed had been made and tendered to him before suit brought; that the assignment was made, and the said deed handed over to said appellant, by virtue of the act of *December* 23, 1858, concerning the assets and assignees of the said State Bank. A power of attorney from said bank; the order of the board of directors of the said branch; the assignment by said attorney in fact, and the deed from the bank, are made parts of the supplemental complaint.

The answer was withdrawn, and a demurrer filed to said supplemental complaint, assigning two causes: First, that the assignment is not shown to have been by indorsement. Second, that as the State Bank had no legal existence at the time of filing said supplemental complaint, it could not convey said lands. The demurrer was sustained; which presents the only point in the case.

During the existence of the corporation, the power to make and tender the deed is not questioned; but it is said that it ceased with the close of the term for which such corporation was chartered. Whether, without a statute, the old rule that was once supposed to exist, would still maintain, we need not decide; namely, in regard to the choses in action belonging to a corporation at the end of the time for which it was chartered. Here, the power to transfer and assign was expressly given, and exercised; and as an incident to the title so therein acquired by the assignee, and the right of action thereon, we have no doubt, the right to keep up and make good the tender, by delivery of the deed, in the case at bar, passed to the assignee. The form of the assignment being good in equity, the pleadings in this case are not presented in a manner to question, or raise any point in reference thereto; as there is no question made relative to parties, and perhaps could not be, if the assumption of the defendant, that the State Bank is for all purposes defunct, is correct.

The demurrer should have been overruled.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*Samuel Judah*, for the appellant.

*C. M. Allen*, *N. Usher*, and *Bowman & Harrow*, for the appellee.

(1.) By counsel for appellee: The delivery of a deed to a mere depositary, upon a condition not performed in the lifetime of the grantor, is inoperative. *Artcher* v. *Whalen*, 1 Wend. 179; *Carr* v. *Hoxie*, 5 Mason's C. C. R. 16.

To constitute an *escrow*, it is necessary that the writing be delivered absolutely, upon express terms to be held until the condition be complied with, and that the party making the delivery shall have parted with all right to re-collect. *Johnson* v. *Branch*, 11 Humph. 520.

A deed must be delivered absolutely to pass the title. *Wilson et ux.* v. *Cassidy*, 2 Ind. 562.

Until delivered, a deed remains in the power of a grantor. *Hodges* v. *Hodges*, 9 Mass. 307; *Fay* v. *Richardson*, 7 Pick. 91; *Hughes* v. *Easten*, 4 J. J. Marshall, 572.

At the time of delivery as an *escrow*, the condition must be stated. Touchs. 59; *Jackson* v. *Catlin*, 2 Johns. 248.