*A. Ellison*, for the appellant.

<hr />

### HAM and Others *v.* CARROLL.

In a motion for a new trial, for errors of law occurring at the trial, each error relied upon must be specifically presented to the Court.

Where the defendant amends his answer, after a demurrer has been sustained to it, he waives all right to complain of the ruling on the demurrer.

*Thursday,
December* 12.

APPEAL from the *Wayne* Circuit Court.

DAVISON, J.—This was an action by the appellee, who was the plaintiff, against *Reuben Thurston, Mary Thurston, Jason Ham, Joel Railsback* and *William De Graff*, to foreclose a mortgage on real estate. The mortgage was executed by *Reuben* and *Mary Thurston*, to *De Graff*, to secure the payment of three promissory notes, each for $833. The first of these notes has been paid. The second and third were, together with the mortgage, assigned by *De Graff* to the plaintiff. It is averred in the complaint, that *Reuben* and *Mary Thurston*, after the execution of the notes and mortgage, conveyed the mortgaged premises, by deed in fee simple, to *Jason Ham*, who, afterward, by deed of assignment for the benefit of his creditors, conveyed the same premises to *Joel Railsback*, in whom the legal title now is. Wherefore, &c. *Reuben* and *Mary Thurston* were defaulted.

*Ham* and *Railsback* answered the complaint. In their answer they allege, that on *April* 19, 1858, and prior to the assignment of the notes and mortgage to the plaintiff, one *Isaac Bates* commenced a suit of attachment against *De Graff*, the payee of the notes, and such proceedings were had in the premises, that afterward, on *April* 24, 1858, a writ of garnishment was sued out and served on one *Lewis Burk*, with whom the notes and mortgage had been placed for collection; and, afterward, on *May* 5, then next following, a similar writ was served on the defendants, to stay in their hands the moneys thereon due; and the defendants aver that the plaintiff did not, at the time the writs of attachment and garnishment were issued, own and possess said notes and mortgage.

*Railsback* also filed a separate answer, setting up the commencement of the attachment suit against *De Graff*, the summons against him as garnishee, and alleging that upon the service of the writ of garnishment, he became liable to pay the amount due on the notes to *Bates*, the attachment plaintiff, &c.. To these answers demurrers were sustained, and the defendants, by leave, &c., amended. The answer, as amended, states all the facts alleged in the former answers, and, in addition, sets up that at the time *Ham* purchased the mortgaged premises from *Thurston*, it was expressly agreed between *De Graff*, *Thurston* and *Ham*, that *De Graff* should take *Ham* for the amount due on the notes and mortgage, and look to him and said mortgaged premises, exclusively, for the money. There was a reply in denial of the amended answer. The issues were submitted to the Court, who found for the plaintiff, and, having refused a new trial, rendered a judgment against *Thurston* for the amount of the notes and interest, and ordered the premises to be sold, &c.

The causes for a new trial are thus assigned: 1. Excessive damages awarded against defendant. 2. The finding is unsustained by the evidence. 3. Error of law occurring at the trial, and excepted to at the time. It may be noted that the third cause is not well assigned. Each error of law should have been pointed out and presented to the Court. *Snodgrass et al.* v. *Hunt*, 15 Ind. 274; *Kent* v. *Lawson*, 12 *id.* 675.

Nov. Term,
1861.

The record shows that during the trial, the defendant *Railsback* offered his co-defendant, *Ham*, as a witness, and proposed to prove by him the agreement set up in the amended answer; but the offer was refused, and the defendant excepted. As this ruling does not appear to have been assigned as a cause for a new trial, the question whether the exception to it was or not well taken, is not properly before us. *Snodgrass et al.* v. *Hunt*, and *Kent* v. *Lawson*, *supra*.

Again, it is said that the Court erred in sustaining the demurrers to the answer. In this instance, the amended answer embraced all the matter contained in the original answer, and the result is, the answer first filed is no part of the record. 2 R. S., § 559, pp. 159, 160. And, moreover, the defendants having amended their answer, after demurrer sustained to it, waived their right to complain of the sustaining of the demurrers. *Polleys* v. *Swope*, 4 Ind. 217; *Jay et al.* v. *Indianapolis*, *&c. Railroad Co.*, *ante*, p. 262.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*Oliver P. Morton*, for the appellee.