CALDWELL *v.* THE BANK OF SALEM.

PRACTICE—WAIVER.—When the defendant amends his answer, after a demurrer has been sustained to it, he waives all right to complain of the ruling on the demurrer.

PLEADING.—An answer which sets up a partial failure of consideration in bar of the whole cause of action is bad.

VENDORS AND PURCHASERS.— *Quære*, Whether, where property is condemned for public use, the equitable owner is not entitled to the damages in lieu of the land, and whether such condemnation in any way affects the relations of the vendor and vendee.

APPEAL from the *Knox* Circuit Court.

PERKINS, J.—This cause was before us at the *May* term, 1861, upon a demurrer to the complaint. The complaint was

Caldwell *v.* The Bank of Salem.

then held sufficient. *The Bank of Salem* v. *Caldwell*, 16 Ind. 469.

On the return of the cause to the Court below the defendant answered. The plaintiff demurred to the answer, and the demurrer was sustained. The defendant then, by leave of the Court, filed an amended answer. It has been held that, where this course is pursued, objection is waived to the ruling upon the demurrer. *Ham* v. *Carroll*, 17 Ind. 442, and cases cited. This doctrine seems to be reasonable. The amended answer, it may be presumed, will not be made weaker than the defendant's case will turn out in evidence; and if made stronger, still it will be necessary to prove only enough of it to make out a legal defence, and the question as to such proof can be raised on the evidence and upon instructions on the trial of the issue upon the amended answer.

This rule of law takes from our consideration the original answer, and carries us forward to the amended answer. A demurrer was sustained to that.

The first and second paragraphs of that answer went to the right of the plaintiff to sue, but neither of them denied that the plaintiff was the equitable owner of the notes upon which the suit was founded.

The third paragraph set up a failure of consideration as to one-half the amount of the notes sued on, (see *Hoot* v. *Spade* at this term,) while the paragraph assumed to go in bar of the whole cause of action, and was bad for this reason. *Moorman* v. *Barton*, 16 Ind. 206. It did not ask a recission of the contract. On the trial the evidence showed that the proper parties to the suit were before the Court; hence, we can not reverse on this point. See *Crake* v. *Crake*, 18 Ind. 156.

The paragraph of the answer setting up a failure or want of consideration, in bar of the whole cause of action, alleged that the notes sued on were given for the purchase-money of a certain lot in *Vincennes*, by *Caldwell* from the Bank, and

"that before the making and tendering of a deed by the latter to the former, the City of *Vincennes* had legally condemned one-half of the lot for public uses," &c. The legal import of the paragraph was to show that the Bank had title to but half of the ground sold.

In argument, the case of *Scribner* v. *Holmes*, 16 Ind. 142, is cited to show that the covenants in a deed do not extend to a public highway, regarded as an incumbrance on the land. We wish to say that a street in a city might, perhaps, be reached by such covenants, where it had been opened or widened by taking in a part of a platted lot. It is not necessary now to decide the point.

But, *quære*, whether, where property is condemned for public use, the equitable owner is not entitled to the damages in lieu of the land, and whether such condemnation in any way affects the relation of the vendor and vendee. See *Thompson* v. *Norton*, 14 Ind. 187.

*Per Curiam.*—The judgment below is affirmed, with costs and one per cent. damages.

*J. G. Bowman, C. M. Allen, N. Usher* and *W. E. Niblack*, for the appellant.

*Samuel Judah*, for the appellee.