## HORTON *v.* WILSON.

CHANGE OF VENUE.—PRACTICE.—An affidavit for a change of venue can only be made a part of the record by embodying it in a bill of exceptions.

SAME.—NEW TRIAL.—An exception to the refusal of an application for a change of venue will not be regarded by the Supreme Court where the

reasons assigned for a new trial are, 1. "Error of law occurring at the trial, and excepted to by the plaintiffs." 2. "That the verdict of the jury is not sustained by the evidence."

SAME.—Nor will it be regarded where the reason for a new trial is assigned in the general words following: "Irregularities in the proceedings of the court;" but the particular irregularity complained of must appear.

SAME.—EVIDENCE.—The Supreme Court will not notice an objection that improper evidence was admitted at the trial, unless the record not only shows that an exception was taken to its admission, but also that the objection was presented as a reason for a new trial.

APPEAL from the *Noble* Circuit Court.

ELLIOTT, J.—*Horton* sued *Wilson* for a libel. The complaint contains two paragraphs. Issues of fact were formed, and the defendant also gave notice that he would give evidence on the trial, in mitigation of damages under the first paragraph of the complaint, of certain libelous articles published of him by the plaintiff. The case was tried by a jury, and the trial resulted in a verdict for the defendant. Motion by the plaintiff for a new trial overruled, and judgment for the defendant.

Several errors are assigned, but all are abandoned in the appellant's brief except the 7th and 8th, which are:

"7th. The court erred in overruling the plaintiff's motion for a change of venue from the *Noble* Circuit Court.

"8th. The court erred in permitting the defendant to read in evidence the written statements 'A,' 'B' and 'C,' over plaintiff's objection."

We cannot notice the error assigned upon the refusal of the court to grant a change of venue, for the reason that the question is not presented by the record, and is not, therefore, properly before us. True, the record states that such a motion was made and overruled, and the clerk has copied into the record a paper purporting to be an affidavit of the plaintiff for a change of venue, but no bill of exceptions was taken and filed embracing it, without which the affidavit formed no part of the record, and is, therefore, improperly copied into it. *Farnsworth et al.* v. *Coquillard's Adm'r*, 22 Ind. 453; *Matlock* v. *Todd*, 19 Ind. 130.

Nor is the question properly saved by the motion for a new trial. The reasons filed for a new trial are as follows:

"1. Error of law occurring at the trial, and excepted to by the plaintiff.

"2. That the verdict of the jury is not sustained by the evidence.

"3. Irregularities in the proceedings of the court."

It is evident that a refusal of the court to grant a change of venue cannot be embraced in either the first or second cause above specified. It might properly be embraced under the third specification, but the particular irregularity complained of should be specifically pointed out, and the attention of the court below thereby directed to the matter. *Barnard* v. *Graham,* 14 Ind. 322; *Medler* v. *Hiatt, id.* 405; *Snodgrass et. al.* v. *Hunt,* 15 Ind. 274. The record is full of motions and questions which, if well taken, would be "irregularities in the proceedings of the court," to each of which that general specification would alike apply, and yet it does not specifically apply to any one of them.

The alleged libelous matters of which the defendant gave notice that he would give evidence in mitigation of damages, are set out in the notice, and identified as written statements "A," "B" and "C." A bill of exceptions filed in the case states that, after the plaintiff had closed his evidence, the "defendant produced certain newspapers, and proved by Dr. *Horton* that the papers thus produced were numbers of the *Bluffton Banner,* and referred the plaintiff to certain articles therein published on the dates respectively, *April* 5, 1861, *April* 12, 1861 and *May* 3, 1861, and proved by the same witness that the plaintiff wrote said articles, being the same articles copied in written statements "A," "B" and "C" of defendant's answer to the first paragraph of the complaint, and caused the same to be published in said *Bluffton Banner;* the same being a public newspaper published and of general circulation in said county of *Wells.* The defendant then offered to read the articles in evidence

to the jury, to which the plaintiff objected, which objection the court overruled. To which ruling of the court the plaintiff at the time excepted."

It will be observed that the exception does not, in terms, state that the written statements referred to were, in fact, read in evidence to the jury. Nor is it clear that such an inference can be fairly drawn from the statements which we have copied above. It shows that the defendant offered to read them in evidence, but the plaintiff objected and the court overruled the objection, to which the plaintiff excepted. The bill of exceptions purports to set out "all the evidence offered or given in the cause," but these statement are not copied into it. True, it was not necessary that they should be for the purpose of presenting them as a part of the evidence, having been previously copied into the record, it would have been sufficient to refer to them so as to clearly designate them, as was done, and state that they were read in evidence. The latter statement, however, is not made. But, waiving this uncertainty in the exception, and assuming that it does sufficiently appear that the statements referred to were given in evidence, still another reason is presented why the question is not before us in such a form as to avail the appellant, or render it proper that we should decide it, or reverse the case for that reason.

To make such an error available in this court, as a ground for reversing a cause, the record must not only show that the exception was properly taken, but it must also have been properly presented as a reason for a new trial. As we have seen, the only reason assigned for a new trial, which can be regarded as referring to the error here complained of, is the one first stated, viz, "Error of law occurring at the trial, and excepted to by the plaintiff." And it has been repeatedly held by this court, that a reason for a new trial stated in these general terms is too indefinite, vague and uncertain to raise any question. *Barnard* v. *Graham, Medler* v. *Hiatt, Snodgrass* v. *Hunt, supra; Ham et al.* v. *Carroll,* 17 Ind. 442; *Scoville et al.* v. *Chapman, id.* 470.

In *Barnard* v. *Graham*, *supra*, the 4th reason filed for a new trial was: "Because of error of law occurring at the trial, and excepted to by the defendant at the time." And WORDEN, J., in delivering the opinion of the court, said: "The fourth reason, in our opinion, is too vague and indefinite to raise any question. The question sought to be raised under it, has reference to the admission of testimony, to the admission of which exception was taken by the defendant." * * * * Numerous errors might occur on the trial and be excepted to, and the reason for a new trial ought to point out such as are relied upon, so that the attention of the court would be directed to them. Otherwise, it would be of little use to have written reasons filed at all."

So, in *Snodgrass et al.* v. *Hunt*, DAVISON, J., in referring to a reason for a new trial, in substantially the same language, said it was "entirely too general, and not, therefore, properly before us."

But, if this were otherwise, still we think the judgment should not be reversed for the alleged error, for another reason. The evidence admitted by the court, to which the plaintiff excepted, was not offered for the purpose of barring the action, but only in mitigation of damages, and could, therefore, only become important in the event the jury found for the plaintiff. But, as the finding was for the defendant, it is evident that the plaintiff was not injured by the admission of such evidence, as it could not have influenced the verdict of the jury for the defendant.

The judgment is affirmed, with costs.

*S. E. Perkins* and *L. P. Milligan*, for appellant.

*J. Morris*, for appellee.