## The State v. Reed & Goodwin.

Where several defendants are tried together on an indictment for an offence less than capital, they have, under the statute, but two peremptory challenges in all; each of them has not the right to challenge two jurors peremptorily.

The respondents were indicted and tried jointly for larceny. Each claimed two peremptory challenges, and excepted to the ruling of the court, allowing but two in all to both. The jury returned a verdict of guilty against both the defendants, finding the value of the property stolen to be $320. They moved to set aside the verdict for error in this ruling of the court.

*F. Hobbs*, and *Drew* of Maine, for the defendants.

*The Attorney General*, for the State.

Perley, C. J. The Revised Statutes, ch. 225, sec. 8, provide that "*every person* arraigned and put on trial for any offence, which may be punishable by death or by confinement to hard labor for life, except when standing mute, may challenge twenty of the jurors peremptorily, and any others for sufficient cause." The language here used is plain and pointed, giving every *person* tried for a capital offence the right to twenty peremptory challenges, and he cannot be deprived of this personal and individual right by being put on trial jointly with others, who are charged with the same crime; and in this the statute agrees with what appears to be now the settled rule in England. Bacon's Ab. Jurors B. (9;) 1 Chitty's Cr. Law 535. The object of this rule is, not to secure an impartial jury, but, in the tenderness of the law for human life, to give one tried for a capital offence this chance to obtain a favorable jury; for the king, and until our recent statute, the State, had no peremptory challenge. In trials for lower offences, the law was satisfied with securing to the accused a fair and impartial jury, and allowed no peremptory challenge to him or to the State.

The statute of June 28, 1859, provides that either party in all civil causes, *and the respondent* in all criminal causes, not capital, shall, in addition to challenges for cause, have two peremptory challenges; and by the statute of July 3, 1860, in the trial of all criminal cases by the jury, in addition to challenges for cause, the State is entitled to two peremptory challenges. In the case of capital trials the language of the statute is express, that *every person* shall have the right of challenge, leaving no room for doubt that the intention was to give every defendant, however tried, this personal right. But in reference to trials for inferior offences the language of the statute is different, and we think their object and design are also different. In civil causes there was certainly no intention to give either party the advantage. The object was to give each the right to reject from the jury two men, who might be supposed, for some reason, which did not amount to a legal objection, to be unfavorable to the party challenging, or favorable to the other side.

As the law now stands, the parties in civil causes, and the State and the respondent in criminal causes not capital, have each the right to challenge two jurors peremptorily. The object in both cases, we think, to be the same; not to give either party an advantage, but, leaving them on a footing of equality, as they were before these statutes, to give each an opportunity to reject two jurors, without assigning any special cause.

In civil causes it is here held in practice, and has been under similar statutes in other States, that the word *party* is a collective term, and includes all the plaintiffs and all the defendants in a suit, and that when there are two or more plaintiffs, or two or more defendants, there are but two challenges on a side. *Stone* v. *Segar*, 11 Allen 568; *Snodgrass* v. *Hunt*, 15 Ind. 274. Either party in civil causes, and the State and the respondent in criminal causes less than capital, has the challenge. It is *the respondent*, and not *a respondent*, nor *every respondent*, nor *every person*, as in capital causes, that has the right. Looking to the language of the statute, it evidently does not contemplate several rights of challenge belonging to different persons on the same side of the cause; the statute, as in civil actions, appears to recognize but one collective party respondent.

We are of opinion, that, when several persons are tried together for an offence less than capital, each cannot have his two peremptory challenges; and there can be no more difficulty in their joining to make their challenges when several defendants are tried together for the same offence, than when they are tried together in a civil suit. Take, for example, the case of a civil action against several defendants for an assault and battery They may plead jointly or severally; some of them may be found guilty, and others may be discharged. The law requires them to join in their challenges; and there would be no greater difficulty in doing it, if they were tried together on an indictment for the same assault and battery. There would be great inconvenience in holding a different rule. If ten or twenty men were indicted for a misdemeanor, like a riot, and each had his two peremptory challenges, a larger attendance of jurors would be required than in a capital trial; an effect of this provision in the statute which could not have been contemplated by the legislature.

*Exception overruled.*