FRANK & ADLER v. I. HEINER & SON et al.

*Execution of Deed—Assignment for Benefit of Creditors—
Rejection of Trust by the Trustee named in Deed.*

1. A deed is considered executed and the courts will enforce the
   same where the maker has gone so far with its execution
   that he cannot control it or recall what he has done, or by
   delivery to the grantee or to some one for him or by having
   it probated and registered.

2. The *cestuis que trustent* in a deed of assignment for the benefit
   of creditors are the real parties in interest and courts of
   equity will not allow them to be deprived of their estate by
   the failure or refusal of the trustee to act, but will, if neces-
   sary, appoint a trustee to execute the trust.

3. Where the assignors in general assignment for the benefit of
   creditors informed the person named as trustee that they
   had selected him, and asked him before registration of the
   deed whether he would accept and he replied ":that he would
   like to do so but could not answer until he saw B," and the
   deed was then registered and the designated trustee refused
   to act; *Held*, that the deed was executed and valid as against
   attachments levied after the registration of the deed and
   equity will appoint a trustee in place of the one designated
   by and refusing to act under the deed.

CIVIL ACTION heard, on a case agreed, before *McIver, J.,*
at June Term, 1895, of EDGECOMBE Superior Court. The
facts appearing from the case agreed were as follows :

"1. That on the 22d day of May, 1894, the defendants,
then residing in the city of Martinsville, Virginia, and
doing business under the firm name of I. Heiner & Son, in
the town of Rocky Mount, N. C., made and executed in
the said City of Martinsville, what purported to be a gen-
eral deed of assignment for the benefit of their creditors,
and therein attempted to convey all of their property of
every kind and description in the town of Rocky Mount,
to L. F. Tillery as their trustee, for the purpose of carry-

ing out fully the purposes and intents of said alleged deed of assignment, said property consisting solely of personal property.

"2. That Simon Heiner, accompanied by his attorney, resident in the State of Virginia, came to Rocky Mount, and then to Tarboro, when said alleged deed of assignment was duly proven and recorded on the 23d day of May, 1894, in the proper office in said county.

"3. That when said Simon Heiner arrived in Rocky Mount, as aforesaid, he, with his counsel, called on Tillery, the aforesaid assignee, and informed him of his selection as assignee, and desired to know if he would accept and perform the duties thereof. Tillery replied that he would like to do so, but could not answer until he saw Thomas H. Battle, Esq., (in whose employ he was). Thereupon the said Heiner took the said deed and had same registered; and that after said deed had been registered, the said Tillery was again called upon to take the place of assignee as named in said deed and perform the duties thereof; this he positively declined to do, and refused to accept the same.

"4. That immediately after the refusal of said Tillery to accept the place of assignee, the defendants at once executed another deed of assignment, naming as assignee some other person than said Tillery; and thereupon, to-wit, on the _____day of_____, and after the registration of said alleged deed of assignment to the said Tillery, and before the second deed of assignment was offered for registration, the plaintiffs above-named levied their several writs of attachment upon all of the said property described and conveyed in said alleged deed of assignment, and under and by virtue of said writs of attachment, the property therein described was sold by the Sheriff of Edgecombe county, and the proceeds of sale are now held by him to abide the deter-

mination of this action.    The second deed of assignment
was never registered."

On the "case agreed" the plaintiffs insisted that the
deed of trust or assignment executed by I. Heiner & Son
was of no effect, by reason of its non-delivery and non-
acceptance by the trustee named therein, and that they, by
reason of their attachment, acquired the first lien on the
property in question.    The plaintiffs further contended
that the deed was void also for failure of the assignor to
comply with the act of 1893.    On the other hand, the
defendants, the assignors and creditors preferred in said
deed of trust, insisted that equity would not allow the
deed of trust to fail for want of a trustee ; that, if the legal
title to the property remained in the assignors, such title
and property was impressed with an equity in favor of the
creditors whose debts were secured in said deed, and that
the Court should so hold and appoint a trustee to execute
said trusts.    His Honor sustained the contentions of the
plaintiff and rendered judgment in their favor and defend-
ants appealed.

*Mr. John L. Bridgers,* for plaintiffs.
*Messrs. Gilliam & Gilliam,* for defendants (appellants).

FURCHES, J.: This appeal comes before us, from the
court below, upon a case agreed, and the only question
presented for our consideration is whether the assignment
therein mentioned was executed.    If it was executed the
plaintiffs should not recover; if it was not, they should
recover.

The general rule as to the sufficiency of execution seems
to be this : That where the maker of the deed has gone so
far with its execution that he can no longer control it or
recall what he has done, then the deed is considered exe-

117—6

cuted and the courts will enforce the same. *Kirk* v. *Turner*, 1 Dev. Eq., 14. This may be done by delivery to the grantee or to some one for him, or it will be pre- sumed by his having it probated and registered. *Helms* v. *Austin*, 116 N. C., 751. And without something to rebut this presumption its registration is a delivery. *McLean* v. *Nelson*, 1 Jones, 396; *Adams* v. *Adams*, 21 Wallace (U. S.,) 185.

The plaintiffs contend that the presumption arising from the probate and registration is rebutted by the facts that Tillery said to Heiner before the registration, when asked to accept the trust, "That he would like to do so, but could not answer until he saw Thomas H. Battle"; and that after it was registered and he was applied to, he refused to accept the trust ; and rely on *Gaither* v. *Gibson*, Phil., 532, for this contention. But we do not think so. In the case cited the defendant, before registration, refused to accept the deed upon the allegation of a defect in the title. And the Court held that this refusal of Gibson rebutted the presumption arising from probate and regis- tration.

But in this case there was no refusal, by the trustee named, to accept the trust before the deed was probated and registered. But the intimation was that he would do so. What was said to Tillery, and by him to Heiner, before the registration, is no stronger for the plaintiffs and against the execution of the assignment than if he had known nothing about its execution, as in McLean's case, *supra*, and Adam's case, *supra*. And in Adam's case, as soon as the trustee was informed of the deed and that he was named as the trustee, he declined and refused to have anything to do with it. And yet the court sustained the execution of the deed, appointed another trustee and enforced the trusts.

FRANK *v.* HEINER.

While it is necessary that there sould be a legal execution of an assignment like this to a trustee for the benefit of other parties it must be kept in mind that these other parties, the *cestuis que trust*, are the real parties in interest. They are the parties for whose benefit the deed was made. They are the equitable owners, and courts of equity will not allow them to be deprived of the benefit of their estate, because the trustee named refused to act. Burrill on Assignments (6th. Ed.) p. 312, Sec. 240, 241. It is a principle of equity that a trust shall not fail for the want of a trustee. If neccessary a court of equity will appoint a trustee to execute the trust. Adams' Eq., 36 (7th. Ed.); Burrill, *supra.*

We are therefore of the opinion that the assignment stated in the case agreed was legally executed and should be enforced by the court under its equitable jurisdiction.

It is stated in the case on appeal "that plaintiff contended that this assignment was void also for failure of the assignor to comply with the act of 1893." There is nothing about the statute of 1893 in the case agreed, upon which the judge tried the case. And we do not know whether the grantor complied with this statute or not. If he did not, it would have been easy to so state in the facts agreed. Had this been stated in the case agreed, as one of the facts, it would have ended the case in plaintiffs' favor, under the ruling of this Court in *Bank* v. *Gilmer*, 116 N. C., 684. But we cannot find the facts but must take them as agreed to by the parties.

There is error in the judgment appealed from and the same must be reversed.

Reversed.