There was evidence for the plaintiff to the effect that the defendant agreed to sell and convey to him a one-half undivided interest in a tract of land for $300, and that in addition to the payment of this sum the plaintiff agreed to give the defendant "a ten-dollar dress and one-half of the pine trees on the land and build a wire fence on her part of the land." That defendant signed and sealed a deed for the one-half interest to the plaintiff and delivered the same to D. E. *Page 92 
Woodley upon condition that when the purchase-money, that (91) is, the $300, was paid to him (Woodley) he should then deliver the deed to the plaintiff. There was a provision for the application of a part of the money so paid to certain claims and the payment of the balance to the defendant. Plaintiff paid the money to Woodley and the latter tendered the balance, after reserving enough for the outstanding claims, to the defendant, who refused to receive it and directed him not to part with the deed; but, disregarding her instruction, he did afterwards, and under the advice of the plaintiff's counsel, deliver the deed to the plaintiff.
The defendant testified that the balance of the $300, after paying the claims, was to be paid to her before the deed was delivered to the plaintiff. Also, that all the stipulations as to the purchase-money, the dress, the trees and the wire fence were to be fully performed before delivery.
It is stated that at the close of the testimony "the Court at once adjourned" until the next day, and at the opening of the Court the next morning, and as soon as the Judge took his seat on the bench, the plaintiff's counsel tendered in writing certain instructions which he asked to be given to the jury. The Judge endorsed on them the following, "Handed up too late," and refused to give or consider any of them. Plaintiff excepted.
The Court charged the jury as to the law, to which there was no exception; but the charge was not sent up. Upon the issues submitted the jury returned a verdict for the defendant, and to the judgment thereon the plaintiff excepted and appealed.
after stating the case: The exception of the plaintiff is well taken. It was stated in the argument before us that the (92) ruling of the Court was based upon the assumption that a prayer for special instructions must be submitted "at or before the close of the evidence," under Rev. secs. 536 and 538 (Code, secs. 414 and 415). This was erroneous. Section 536 requires that a request to put the charge in writing shall be made at or before the close of the evidence, and sec. 538 simply provides that counsel shall reduce their prayers for special instructions to writing, without prescribing any specified limit as to the time when they shall be presented to the Court. The two sections relate to subjects of a different kind and have no such necessary connection with each other, nor are they so correlated *Page 93 
as to require that they should be construed together and that the words of sec. 536, namely, "at or before the close of the evidence," should be read into sec. 538.
There was good reason for the requirement that a request to have the charge written should be made "at or before the close of the evidence," which does not apply to the provision of sec. 538 in regard to special instructions. The Judge should have full time to prepare and write out his general instructions, and due notice was therefore demanded, as he cannot well wait until the argument is concluded and the time has arrived for delivering his charge to the jury. But not so much time is required for the consideration of special instructions, already prepared and written. The omission to fix any definite time for filing the request for special instructions in sec. 538, while such a provision, as to the request for a written charge, is found in sec. 536, is cogent proof that the Legislature did not intend that the request for special instructions should be made "at or before the close of the evidence;" and we are not at liberty to insert in that section language not to be found there and which will materially change its meaning.
The time within which instruction should be requested must be left to the sound discretion of the Court, as in the case of (93) many other matters of mere practice or procedure, and we will be slow to review or interfere with the exercise of that discretion; but the presiding Judge should, and we are sure he always will, so order his discretion as to afford counsel a reasonable time to prepare and present their prayers. Counsel should perform this duty to their clients seasonably and with a proper regard for the right of the trial Judge to require that he should have reasonably sufficient time to write his charge and to consider the prayers for special instructions; and what time is required by each must be determined by the nature and exigencies of each case.
The Judge must wait until the evidence is closed in order that he may understand the case and prepare his charge, and, likewise, counsel cannot formulate their requests for instructions unless and until they are possessed of the facts or have sufficient knowledge of the case, as finally developed, for that purpose. The last piece of evidence may change the whole aspect of the matter, and counsel therefore cannot well anticipate what will happen, and prepare special prayers before the conclusion of the testimony or until they have had reasonable time thereafter to do so. If they attempt to do so they may find at last that all their work has been in vain. It follows that both Judge and counsel must have adequate time to perform their respective *Page 94 
functions after the moment when they can first intelligently do so, subject to the discretion of the Court as to how much time is required, which discretion should, of course, be fairly exercised.
We have ruled that if a party desires more specific instructions than those given by the Court in its general charge, he must ask for them. How can this be done if he is prohibited by statute from making a request for special instructions after the close of the evidence and without any discretion in the Judge to extend the time, or (94) any right to consider them at that stage; for how can he know, in advance of the close of the evidence, what principles of law will be applicable, so as to embody them in specific instructions for the guidance of the Court in preparing its charge? At any stage of the trial the Judge should, necessarily, have the discretion to permit special prayers to be handed up, in order that his instructions to the jury may be made amply sufficient to cover every phase of the case. Willey v. R.R., 96 N.C. 408. The reason of the thing and the very nature and circumstances of trials alike preclude any other construction of sec. 538 than that we have indicated.
The learned Judge was misled, we have no doubt, as to his power to extend the time, by the statement in several of the cases (which are collected in Clark's Code (3 Ed.), sec. 415, and note), to the effect that special prayers must be submitted "at or before the close of the evidence." This Court in using that expression had in mind the language of sec. 536 of the Revisal, formerly sec. 414 of The Code, and was not advertent to the fact that the same words were not used in sec. 538, formerly sec. 415 of The Code. It appears clearly from the facts of those cases, that in none of them was it necessary to decide that the time for presenting special instructions was "at or before the close of the evidence," and did not extend to the opening of the argument. In each of them, we believe, the request for special instructions was made unreasonably late in the trial, after the argument had been begun and long after the close of the evidence, and when it was impossible for the Judge to give them proper consideration.
But however all this may be, we hold in the case at bar that no opportunity was given counsel to submit his prayer. The Court adjourned "at once" at the close of the evidence, and the request for instructions was made at the earliest moment of the next day. (95) The plaintiff's counsel was not directed to file them during the recess, so that unless he was in time, we must hold that counsel should prepare their requests for special instructions within the very *Page 95 
instant of time that may sometimes elapse between the close of the evidence and the beginning of the discussion before the jury, and this would be mentally and physically impossible. We have not been endowed with faculties that will move with the celerity required for such a purpose. But we think that if the words of sec. 536, "at or before the close of the evidence," had been inserted in sec. 538, they would mean at some time not later than the beginning of the argument by counsel to the jury. The expression refers rather to the stage of the trial than to the particular moment of time when the evidence is closed. This is the reasonable view, and under this construction of the statute there was error in the ruling below. It is usually the case that the argument follows immediately upon the close of the evidence; but if a recess intervenes, we do not see why the Judge may not require the prayers to be filed with him during the recess, provided sufficient time be allowed for doing so. We can only say generally that his discretion should be exercised fairly and, perhaps, under the circumstances, liberally, with a view to a full hearing and the trial of cases on their legal merits.
It is not our purpose to disturb any rule of practice or any settled construction of the statute, and we do not think that we have done so. Our desire, though, is so to interpret the law as to preserve a due proportion in the allotment of time between Court and counsel, with respect to this matter, as will execute the true intention of the Legislature, as we perceive it to be, and conduce to the fair and intelligent trial of cases. Reasonable time is what counsel are entitled to have, but, as to what this time shall be will depend very much upon the circumstances of each case, the determination of the question must needs be subject to the sound legal discretion of the Court, which will not be revised here, except in those instances where this Court (96) will ordinarily review the exercise of judicial discretion. After the argument commences, counsel will not be permitted to file requests for special instructions without the leave of the Court.
It was suggested that the plaintiff had proved only an equitable title and had not pleaded it. We do not think so. His title under the deed in escrow was a legal one, and especially so if the deed was rightfully delivered to him. It was also argued, though not in the brief, that the prayers were immaterial. We have not set them out in the case, because it will suffice to say that at least some of them are germane to the matter in controversy.
Before taking leave of the case it may be well to refer to the general *Page 96 
question involved in it. Some courts hold that an escrow does not take effect as a fully executed deed until there has been a rightful delivery to the grantee; but the logical position approved in a number of authorities is that it is effective as a deed when the grantor relinquishes the possession and control of it by delivery to the depositary, and it passes the title to the grantee when the condition is fully performed, without the necessity of a second delivery by the depositary; and it may, by a fiction of the law have relation back to the date of its original execution, or deposit, when necessary for the purpose of doing justice or of effectuating the intention of the parties. 16 Cyc., 588; 11 Am. and Eng. Enc. Law (2 Ed.), pp. 336 to 349; and this we take to be the settled doctrine of this Court. Hall v. Harris, 40 N.C. 303; Roe v. Lovick, 43 N.C. 88; Kirk v.Turner, 16 N.C. 14; Baldwin v. Maultsby, 27 N.C. 505; Newlin v.Osborne, 49 N.C. 157; Frank v.Heiner, 117 N.C. 79; Robbins v. Rascoe, 120 N.C. 79. In Hall v. Harris, Pearson, J., thus states the true rule, (97) which he says is deduced from the best authorities: "We are satisfied from principle and from a consideration of the authorities that when a paper is signed and sealed and handed to a third person to be handed to another upon a condition which is afterwards complied with, the paper becomes a deed by the act of parting with possession and takes effect presently, without reference to the precise words used, unless it clearly appears to be the intention that it should not then become a deed, and this intention would be defeated by treating it as a deed from that time."
It is therefore the performance of the condition and not the second delivery that gives it vitality as a deed sufficient to pass the title. When the condition is complied with, the depositary holds the deed for the grantee, the same as if it had been originally delivered to him as the latter's agent, in which case the grantee would of course get the title, and could by proper action compel an actual delivery by the depositary.Steamboat Co. v. Moragne, 91 Ala. 610; 11 Am. and Eng. Enc. Law (2 Ed.), p. 345; Bank v. Evans, 15 N.J. Law, 155; Hughes v. Thistlewood, 40 Kansas, 232; 16 Cyc., 588, and note; Baum's Appeal, 113 Pa. St., 58. It was accordingly adjudged in Perriman's case, 5 Coke, 84, that if a writing having the form of a deed is delivered as an escrow and the condition be afterwards performed, it takes effect by force of the first delivery and without any new delivery. So in Wymark's case, 5 Coke, 75, it was held that when the condition is performed the deed is effectual, and where the grantor got the deed back into his possession, the grantee was permitted to plead the matter *Page 97 
specially without showing the deed. Steamboat Co. v. Moragne, supra. And conversely, if the grantor gets possession of the deed before the condition is performed, it is of no force and he can make no beneficial use of it. In either case, the party has acted in his own wrong and can avail nothing by attempting to take advantage of it. (98) Sheppard's Touchstone (6 Ed.), 57 and 59; Jackson v. Catlin, 2 Johnson, 248; Archer v. Whalen, 1 Wend., 179.
But in this case the deed was actually delivered by the depositary to the grantee, so that the only question is, Was the delivery rightfully made? If the condition was that, when the sum of $300 had been paid the deed should be delivered, and it was paid or duly tendered by the grantee or his agent and the tender rejected, the condition was performed and the delivery of the deed by Woodley was rightful; but if the condition was that additional stipulations were to be performed before delivery, and they were not complied with, or tender of performance of them not made and refused, then it was wrongful, and the inquiry should be addressed to that matter. The defendant could not add any condition not existing when the deed was placed in escrow, nor could she refuse to accept a tender of compliance with the true condition and thereby defeat the plaintiff's right to the deed or prevent transmutation of possession and title. 11 Am. and Eng. Enc. Law (2 Ed.), 345; Baum's Appeal, supra. If the condition was restricted to the payment of $300, and did not include the performance of other stipulations, which were merely a part of the consideration, the plaintiff's failure to perform the latter would not affect his title to the land or his right to the deed.
The Court should have received and considered the plaintiff's request for special instructions, and in refusing to do so there was error.
New Trial.