BOARD OF EDUCATION OF GRAHAM COUNTY v. UNION DEVELOPMENT COMPANY, B. M. ORR, HENRY DITMORE, ET AL.

(Filed 28 May, 1912.)

1. Deeds in Escrow—Title—Suits—Equity—Practice.

Until the performance of the conditions of a deed to lands held in escrow the title remains in the grantor to the extent that ordinary actions for the protection of the property and preservation of the title may be brought by him.

2. Deeds in Escrow—Suits—Cloud on Title—Equity—Interpretation of Statutes—Relief.

When the conditions of a delivery of a deed placed in escrow have been performed pending suit, and the grantor, grantee, and adverse claimants are all before the court, *semble*, in proceedings to remove a cloud upon the title to lands, if the parties so desire, the cause may be proceeded with, it being in the nature of an equitable proceeding and the scope of the relief being somewhat enlarged and extended by statute. Revisal, sec. 1589.

3. Same.

During the progress of the trial of a suit brought by a county board of education to remove a cloud upon the title to one acre of its land to be used for school purposes, and claimed by the defendants as a part of their lands, it appeared that the plaintiff had executed a deed to the defendants and placed it in escrow for delivery when the defendants executed to the plaintiffs a deed for the one acre claimed by and to be selected by it, and which had not been done at the time of the trial: *Held*, the plaintiff was entitled to proceed with its suit.

APPEAL from *Lane, J.,* at Spring Term, 1912, of GRAHAM.

Civil action to remove a cloud from title to about one acre of land in possession or claimed by plaintiff. On adverse intimation of the court as to plaintiff's right to maintain the action, plaintiff submitted to a nonsuit and appealed.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Hoke.*

*Morphew & Phillips for plaintiff.*
*A. D. Raby and Dillard & Hill for defendants.*

HOKE, J. As we understand the record, this is an action to remove a cloud from the title to an acre of land, held and claimed by plaintiff for school purposes, and arising by reason of an adverse claim made to said land by the individual defendants, B. M. Orr *et al.* During the progress of the trial it appeared that plaintiff board had prepared a deed for the land in controversy to the defendant the Union Development Company and deposited the same as an escrow with Mr. George B. Walker, to be delivered when said company had executed a deed to plaintiff for one acre of the company's land for

school purposes, to be selected by the school board, and that this site had not been selected nor the deed therefor made by the company at the time of trial. Upon these facts, we think that the action should have been allowed to proceed. It is very generally held that in case of an escrow until condition performed, the title remains in the grantor, and the ordinary actions for the protection of the property and preservation of the title may be brought by him. *County of Calhoun v. Emigrant Co.,* 93 U. S., 124; *Fuller v. Hollis,* 57 Ala., 435; *Merchants Ins. Co. v. Nowlin,* 56 S. W., 198 (Tex. Civ. App.); 3 Washburne on Real Property (5th Ed.), p. 321; Hopkins on Real Property, p. 135; 16 Cyc., p. 578.

The case of *Arrington v. Arrington,* 114 N. C., 116, does not antagonize the principle, and *Craddock v. Barnes,* 142 N. C., 89, is in direct recognition of it. Thus, in page 97, *Associate Justice Walker,* delivering the opinion, says: "It is therefore the performance of the condition and not the second delivery that gives it vitality as a deed sufficient to pass the title," etc.

Apart from this, an action of this character is in the nature of an equitable proceeding, the scope of the relief having been somewhat enlarged and extended by the provisions of our statute, Revisal, sec. 1589. 6 Pomeroy's Eq. Jurisprudence, sec. 724 *et seq.* And even in case of conditions performed pending suit, the grantor and grantee and adverse claimants being all before the court, there seems to be no reason, if the parties so desire, why the trial of the cause should not be proceeded with.

There was error in the ruling of the court, and this will be certified, that the order of nonsuit be set aside and the issues raised properly determined.

Error.