J. M. FERGUSON ET AL. v. G. D. FERGUSON.

(Filed 2 May, 1934.)

**Deeds and Conveyances A e—**

> Delivery of a deed is essential to its validity, and where the pleadings and evidence raise the question of delivery, the court's refusal to submit an issue thereon entitles appellant to a new trial.

APPEAL by plaintiffs from *Schenck, J.,* at October Term, 1933, of YANCEY.

Civil action to quiet title and to remove cloud therefrom, or "to kill a deed," as was said in *Barbee v. Bumpass,* 191 N. C., 521, 132 S. E., 275.

The plaintiffs being feeble and desirous of providing for their care, maintenance and support in old age, executed a deed to a tract of land in Yancey County conveying the same to their nephew, G. D. Ferguson, upon certain "conditions precedent to the vesting of the title," with which, it is alleged, the defendant has failed to comply, and further that said deed was never delivered to the grantee; wherefore plaintiffs

bring their action under C. S., 1743, to quiet their title and to remove said deed as a cloud therefrom.

The jury found that the defendant had "breached the contract set out in the deed," but further found that such breach was "caused by the conduct of the plaintiffs."

The pleadings raise an issue as to the delivery of the deed, and the plaintiffs asked that such issue be submitted to the jury, which was declined by the court.

From a judgment on the verdict adjudging that the plaintiffs take nothing by their action and the defendant recover his costs, the plaintiffs appeal, assigning errors.

*Charles Hutchins for plaintiffs.*
*Watson & Fouts for defendant.*

STACY, C. J. Delivery of the deed being essential to its validity and the question having been put in issue by the pleadings, it would seem that the matter should have been submitted to the jury for determination. *Lynch v. Johnson,* 171 N. C., 611, 89 S. E., 61. Indeed, it may be doubted whether the defendant ever acquired title to the property under the deed in question, it appearing that the "conditions precedent to the vesting of the title" have not been met. *Helms v. Helms,* 135 N. C., 164, 47 S. E., 415. But, however this may be, the issue of delivery remains undetermined on the record.

New trial.