J. M. FERGUSON ET AL. v. G. D. FERGUSON.

(Filed 20 March, 1935.)

**Deeds and Conveyances C f—Verdict that grantee had not breached condition precedent held determinative of grantors' present right to cancellation.**

The grantors brought action to cancel deed delivered to the clerk of the court in escrow, delivery to defendant grantee being conditioned upon defendant's maintenance and care of the grantors during the term of their natural lives. Upon sharply conflicting evidence the jury found that defendant had not breached the conditions of the deed. *Held:* By force of the jury's verdict, plaintiffs are not presently entitled to cancellation of the deed, and defendant's ultimate right to the land, conditioned upon his continued performance, is not in issue.

SCHENCK, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Warlick, J.,* at August Term, 1934, of YANCEY.

Civil action to cancel deed and to remove same as cloud on plaintiffs' title.

An uncle, desirous of providing for himself and his wife during their old age, makes a deed for 50 acres of land to his nephew in consideration of "care, maintenance, and support for the remainder of our natural lives and for a decent burial of each," and delivers the same in escrow to the clerk of the Superior Court "to be held by the clerk of the court and to be delivered by him to the said G. D. Ferguson following the death of J. M. Ferguson and his wife, on his proving to the satisfaction of the court that he has complied with the terms of said deed."

Upon allegation and denial of no delivery and breach of the condition in said deed "to support and maintain the parties of the first part," the jury returned the following verdict:

"1. Was there an actual delivery of the deed, as set out in the pleadings, from the plaintiffs to the defendant, without conditions? Answer: 'No.'

"2. Was the deed from the plaintiffs to the defendant delivered to Fred Proffitt, clerk of the Superior Court of Yancey County, to be held by him in escrow if and until the conditions set out therein were met by the defendant, and were such conditions set out therein conditions precedent to the actual vesting of the title in the defendant? Answer: 'Yes.'

"3. Did the defendant G. D. Ferguson breach the conditions precedent, and by said breach fail to perform the contract set out in the deed held in escrow by the clerk of the Superior Court of Yancey County? Answer: 'No.' "

Judgment on the verdict that the plaintiffs take nothing by their present action, and that the defendant recover his costs, from which the plaintiffs appeal, assigning errors.

*Charles Hutchins for plaintiff.*
*Watson & Fouls for defendant.*

STACY, C. J. This is the same case that was before us at the Spring Term, 1934, opinion filed 2 May, and reported in 206 N. C., 483, 174 S. E., 304.

The real purpose of the action is to have the deed in question surrendered up and canceled for alleged breach of the conditions precedent to vesting of title. Upon sharply conflicting evidence the jury finds that the defendant has thus far complied with his part of the contract. His continued performance, or whether he will ultimately be entitled to the land, is not presently at issue. *Craddock v. Barnes,* 142 N. C., 89, 54 S. E., 1003. The verdict settles the controversy up to now. We have discovered no sufficient reason for disturbing the result. Hence, the verdict and judgment will be upheld.

No error.

SCHENCK, J., took no part in the consideration or decision of this case.