## Case No. 15,645.

### UNITED STATES v. LYLES.

[1 Cranch, C. C. 322.] [1]

Circuit Court, District of Columbia. July Term, 1806.

#### WITNESS—DISQUALIFICATION—INTEREST.

A mere honorary obligation to indemnify a prosecutor, who is liable for costs, is not a sufficient interest to exclude the testimony of the witness.

Indictment, for assault and battery on Joshua Riddle. John Johnston's name, as prosecutor, was indorsed on the indictment. Joshua Riddle was examined as a witness on the part of the prosecution, and on cross-examination said he felt himself bound in honor to indemnify Johnston, in case he should be obliged to pay costs; but he had made no engagement; that Mr. Taylor, his counsel, had managed the business, and that he had no conversation himself with Johnston. See Peake, Ev. 93, 104, 105; 1 Strange, 129.

Mr. Youngs, for the defendant [G. N. Lyles], prayed the court to instruct the jury that Riddle was not a competent witness, being disqualified by his interest.

THE COURT, after considerable deliberation and doubt, refused to give the direction. DUCKETT, Circuit Judge, absent. The general principle seemed to be that it must be a direct interest, and not ideal or imaginary. Here was no promise, no direct engagement, no legal obligation.

---

## Case No. 15,646.

### UNITED STATES v. LYLES.

[4 Cranch, C. C. 469.] [1]

Circuit Court, District of Columbia. Oct. Term, 1834.

#### CRIMINAL LAW—INSTIGATING ASSAULT.

It is a misdemeanor at common law to persuade, instigate, and incite another to commit an assault and battery.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

The indictment charged that the defendant [Thomas W. Lyles], "intending to disturb the peace of the United States in the said county, and particularly to cause and procure a certain James Jack, in the peace of God and of the United States then and there being, to be assaulted and beaten, did persuade, instigate, and incite and endeavor to hire and employ a certain Daniel Fowler and a certain Philip Vernon then and there being, to waylay, assault, and beat the said James Jack then and there being, so that the said James Jack was hindered by the said attempts and endeavors, from going about his ordinary business, and other wrongs to the said James Jack, then and there did, to the great damage of the said James Jack, and against the peace and government of the United States."

Mr. Neale, for the defendant, moved to quash this indictment, because, as he contended, it is no misdemeanor to incite a person to commit a misdemeanor; and such misdemeanor is not charged in the indictment, and in fact, was not committed.

Mr. Key, for the United States, cited Rex v. Phipps, 6 East, 464; 2 Chit. 235; Rex v. Higgins, 2 East, 5.

THE COURT (THRUSTON, Circuit Judge, absent) refused to quash the indictment, without prejudice to a motion in arrest of judgment.

Verdict, guilty, and amerced by the jury $20.

Mr. Neale, for the defendant, moved in arrest of judgment.

Mr. Key, contra, cited 2 Chit. Cr. Law, 50, for the form of the indictment. 3 Bl. Comm. 119, 120, and 4 Bl. Comm. 149.

THE COURT (MORSELL, Circuit Judge, not very clear, and THRUSTON, Circuit Judge, doubting, CRANCH, Chief Judge, not doubting) was of opinion that it is an indictable offence, and overruled the motion in arrest.

See Chit. Gen Prac. Append. ii., that an attempt to commit a misdemeanor created by statute, is itself a misdemeanor. Rex v. Butler, 6 Car. & P. 368.