Henderson, Chief-Justice,
 

 after stating the case as above, proceeded : — We arc not aware of any such series of decisions, as that mentioned by the Judge below. It is true, that during the time of Judge Hat-wood, there were many decisions on the subject of boundary, which placed the question so much at large, that the description contained in the deed was almost totally disregarded. But many of them never met the approbation of the
 
 profession;
 
 and for many years, we have in all cases, I believe, except one, adhered to the description contained in the
 
 deed;
 
 and it is much to be lamented that we do not altogether. The case to which I allude, is where the deed describes the land by course and distance only, and old marks are found, corresponding in age, as well as can be ascertained, with the date of the deed, and so nearly corresponding with the courses and distances that they may well be supposed to have been made for its boundaries, the marks shall be taken as the
 
 termini
 
 of the land. .This is going as far as prudence
 
 permits;
 
 for what passes the land not included by the description in the deed, but included by the marked
 
 termini?
 
 Not the deedj for the description contained in the deed does not comprehend it. It passes therefore either by parol, or by a mere presumption. As far as
 
 *418
 
 wo know, there has been no series of decisions, by which the description in the deed is varied by marks, unless they were made for the
 
 termini
 
 of the land described in -yie deed, or supposed to be so made, and to which it was intended the deed should refer, or to which it was supposed the deed did
 
 refer;
 
 or rather supposed, that the courses and distances corresponded with the marks, and that the same land was described, whether by course and distance in the deed, or by the marked
 
 termini.
 
 Not recollecting that all admeasurement was uncertain, it was settled that in such cases, the marked
 
 termini
 
 should control the course and distance mentioned in the deed. But even this does not admit of
 
 parol evidence
 
 to show, that lines were run six poles and six feet, instead of six poles only, as in this case. Neither does this rule authorize proof, that the parties afterwards made or marked a line between them, that they dug a well, or erected a house where they thought the boundary was
 
 ;
 
 for such acts or marks were not done or made to describe the calls of the deed. For the deed had been made already, and these were not cotemporaneous transactions. They were not intended to be, and to remain as monuments of description, erected when the tract was separated from other lands, or was passing from one hand to another, and required a
 
 name,
 
 a description, an identification,
 
 by which it shouldhe known
 
 from other lands. They were not intended as monuments to point out the boundaries. Suppose the well was not on the line; would the party’s
 
 saying
 
 that the line was there change its location ? It is true such acknowledgments are evidence of the place, where the marks or
 
 termini
 
 anco were, but it is only evidence, when it has been shown or appears, there were some marks to which such acknowledgments pointed. Here there is no evidence, that any such ever existed.
 

 Even in cases of any other description than that by course and distance, as where
 
 marks,
 
 as
 
 trees, rocks, water courses,
 
 or other
 
 things
 
 are
 
 called for in the deed as
 
 
 *419
 

 termini,
 
 the roles of law and Ihe rules of construction make them the
 
 termini
 
 of the land, and altbo’ they may vary from, and even be in direct opposition to the courses and distances set out in the deed, when established, they control the
 
 weaker
 
 description of course and distance. Their variance from the course and distance only increases the difficulty of proving, that they are in fact the
 
 termini
 
 named. But when proven, (by which I mean satisfactorily established,) they are the
 
 termini
 
 adhered to
 
 ;
 
 as in the case of
 
 Person
 
 v.
 
 Roundtree,
 
 (1
 
 Hay.
 
 378
 
 note,)
 
 which is consistent with the most rigid construction of deeds. I therefore think that the parol evidence should have been rejected.
 

 No one can find fault with the law as laid down by the Judge in his charge, as a mero abstract proposition. But there was no such case made by the evidence. There was no proof that the boundaries had been
 
 marked.
 
 The Judge should have told the jury, that thex'C was no evidence to control the courses and distances, and that the lots were described and bounded only by the course and distance. For altho’ it is not proper for tiie Judge to say
 
 how much
 
 the evidence weighs, yet if it weighs
 
 nothing,
 
 it is his peculiar province to declare it With that question the jury have nothing to do.
 

 Per Curiam. — -Let the judgment of the Court below be reversed, and a new trial awarded-