JOHN H. POWELL, administrator of URIAH DENNING, *v.* THE WIL-MINGTON & WELDON RAILROAD COMPANY.

The Judge who tries a cause has no right to intimate in any manner his opinion as to the weight of the evidence, nor to express an opinion on the facts.

Where there is *any* evidence to the contrary, it is erroneous in the Judge to say, " We are not informed " of a fact upon which it is for the jury to pass.

Proper time to ask for particular instructions is at or before the close of the evidence and before the Judge has given such instructions to the jury as he may think the case requires.

CIVIL ACTION, tried before *Clarke, J.,* at WAYNE Superior Court at January (Special) Term, 1872.

The plaintiff claimed damages for injuries received by his intestate, Uriah Denning, on the defendant's road. Said intestate, on the 6th of December, 1870, took passage on a freight train of the defendant at Goldsboro, going to Mount. Olive, a station on said road south of Goldsboro, on his own private business. The train had eight or ten freight cars and a conductor's car, in which passengers were usually carried and fare collected, and while going at about five or six miles per hour the conductor's car ran off the track, was crushed to pieces, and intestate of plaintiff received injuries of which he shortly died. At the time of the occurrence, the intestate was a section master in the employment of defendant, and had a free pass over defendant's road; but the accident did not occur on the section of intestate. There was evidence on the part of the plaintiff that the car was unsound and old, and there was contradictory testimony on the part of the defendant as to the unsoundness of the car. One C. R. Clowe, whose duty it was to inspect trains and cars for defendant, testified for defendant that on the 3d of December, 1870, at Wilmington, he inspected the train, and said car was sound and in good order. One James King, a witness for defendant, testified that he was defendant's car inspector at Wilmington—that it was his daily labor, that

he inspected this car on the 3d of December, 1870, and that it was all right and sound. There was much evidence as to other points which it is not necessary to state.

Defendant's counsel asked for special instructions on sixteen points, some of which were granted and some refused by the Court; but as they are not necessary to an understanding of the decision, they are not stated. The defendant filed nineteen exceptions to the charge of his Honor, and those upon which the case is decided are fully stated in the opinion of the Court.

Verdict for plaintiff and judgment accordingly.

Defendant appealed.

*W. T. Dortch* and *Moore & Gatling,* for appellant.
*Smith & Strong,* contra.

RODMAN, J. We do not feel at liberty to express any opinion upon most of the interesting and important questions of law which the counsel were prepared to discuss and upon which they invited us to enter.

We have several times said that on mere matters of practice which were presented in a case we would express an opinion, even when it was not absolutely necessary to a decision of it. We have supposed ourselves at liberty to do this, not only because it is convenient to the profession and the public that such questions should be settled at the earliest period, but also because by the Code this Court has jurisdiction to prescribe rules of practice where they have not been already prescribed by statute or by its own rules or decisions. In respect to questions of public law (as distinct from rules of practice, which are called the law of the Court,) it is different. If on any one exception we are plainly compelled to grant to the appellant a *venire de novo,* to go beyond that and undertake to decide other distinct and different questions, although presented by the excep-

tions, would be to decide upon a hypothetical state of facts. which may not be presented again, and we do not, in general, feel justified in doing it.

In the present case the defendant excepts to the general tone of the Judge's instructions to the jury as plainly intimating his Honor's opinion as to the weight of the evidence, and he has singled out particular passages as especially obnoxious to this criticism. We think that the general tone of the instructions is warmer and more animated than is. quite consistent with the moderation and reserve of expression proper in " stating the evidence to the jury in a plain and correct manner and declaring and explaining the law arising thereon." C. C. P. 237. There are passages also which a jury might fairly understand as expressing an opinion on the facts. For example, that which says, " if we believe the witnesses it (the car) was a rotten shell, &c." No doubt the Judge had in his mind the witnesses for the plaintiff only, but there was contradictory evidence as to the rottenness of the car and the expression implies that upon the whole evidence, or by a preponderance of evidence, the car was rotten, and ignores the evidence of defendant. on that point.

Again, " we have not been informed that the inspector was competent," &c. Now, when a Judge says " we are not informed " of a fact upon which it is for the jury to pass, if he keeps within the line of duty he can only mean that. there is *no* evidence of that fact. In this case there was *some* evidence, slight, perhaps, bearing on the competency of the inspector, viz : it was his profession ; he had experience in it for a certain time ; his intelligence, or the want of it, manifested on the witness stand, &c. The language also implies that there was a presumption against the competency and fidelity to duty of the inspector, requiring to be rebutted by evidence in his favor. But this is incorrect. The presumption is that every professor of any profession,.

art or trade, has at least ordinary skill in it ; and that every man does his duty with ordinary diligence, *cuique credendum est sua arte.* The presumption is a slight one by itself, but it requires to be rebutted by some evidence of a want of skill or of a breach of duty. The principle is too familiar to need illustration.

The skill of the inspector was a fact for the jury. For although when the facts are given, negligence is a question of law, yet the Judge cannot find the facts any more on such a question than in any other. He can only say to the jury, "If you find such facts there was negligence. If you find such other facts there was not."

We think the Judge erred in the matters stated.

We think it right to notice a practice which appears to have been adopted in this case, both because it is contrary to the Code, and to be disapproved of on its merits. C. C. P., sec. 238, " Every Judge at the request of any party to an action on trial, *made at or before the close of the evidence,* before instructing the jury on the law, shall put his instructions in writing," &c. In this case it seems that particular instructions were not asked for until after the Judge had given such instructions to the jury as he thought the case required. To spring upon a Judge at this stage of a trial for the first time, numerous and difficult points of law not always expressed in the most lucid style, is evidently taking him at a disadvantage, and may be greatly abused. At the close of the evidence counsel may well be supposed to have determined upon the propositions of law upon which they intend to put their case, and they should *then* be presented to the Judge to be considered of by him.

The Judge may if he thinks proper, *then* indicate to counsel his views so as to enable them to direct their arguments accordingly; or if the matters require consideration, he may wait until the arguments have closed. We do not mean to be understood as saying that counsel are, or should

be absolutely prohibited, even after the Judge has finished his instructions to the jury from calling his attention to any point which he has inadvertently omitted, or his instructions as to which are not well understood. This is but right and proper; but it is evidently a different thing from the practice we are censuring.

Let this opinion be certified.

PER CURIAM.                                        *Venire de novo.*