STATE v. JOHN R. CAVENESS.

*Indictment--Larceny--Trial--Evidence--Judge's  Charge--Argument of  Counsel--Receiving  Stolen  Goods.*

1. It is not permissible for a witness, introduced to impeach another witness, to be asked concerning him,  " From his general character in the neighborhood, would you believe him on oath ?"

2. A Judge in his charge to a jury is not required to recapitulate collateral evidence testified to on the trial.

3. It is too late after verdict to except to the omission of the Court to recapitulate to the jury any evidence adduced on the trial.

4. This Court will not undertake to supervise the discretionary powers of the Court below over the argument of counsel, unless it clearly appears that such discretion has been abused.

5. Where on the trial of an indictment for larceny the counsel for the State below argued to the jury  " that at some time or other, possibly one of them might be compelled to have a suit for property upon which he relied for subsistence, and the person with whom he was in litigation might seize and detain it, as the defendant had done in this case ; that they must remember that at some time one of them might be placed in the circumstances of the prosecutrix, and as they would expect justice themselves, so they must mete it out to the prosecutrix," when he was stopped by the Court ; *Held*, not to be error ; the Court could hardly have done less and was not required to do more.

6. An exception to improper remarks made by counsel in argument to a jury should specify *what was said* ; otherwise this Court cannot see that any prejudice resulted from the irregularity.

7. On a trial for larceny, the counsel for the State in his argument to the jury said,  " that if the Judge had believed that the defendant had made out a fair claim to the property, he would have directed a verdict of acquittal without their leaving the box ; but as he had not done so, the Judge must not have believed that a fair claim to the property had been shown by the defendant," this passed unnoticed by the Judge then, and in his charge ; when the jury returned with a verdict of guilty and on being polled three of them did not concur, the Judge informed them  " that he had no opinion of his own and that it was improper for the counsel so to have represented him ;" *Held*, to be error ; the remarks of the counsel were

improper and the attempted correction of them by the Court came too late.

8. On the trial of an indictment for larceny, containing a count for receiving, &c., the Court charged the jury at the request of the defendant, " that if they believed that the defendant, although he may not have taken the property himself, but finding it at his house detained it under a claim of right, he cannot be convicted on the second count," but added "that such claim must be a *bona fide* claim, that is, a claim made in good faith, a claim believed in by himself and not a mere sham claim or pretence of a claim ;" *Held*, not to be error.

9. To render a defendant guilty of receiving stolen property, &c., he must know at the moment of receiving it that it has been stolen, and he must at the same time receive it with felonious intent.

( *Hooper* v. *Moore*, 3 Jones 428 ; *State* v. *Moses*, 2 Dev. 452 ; *Simpson* v. *Blount*, 3 Dev. 34 ; *State* v. *Scott*, 2 Dev, & Bat. 35 ; *State* v. *Haney*, Ibid. 390 ; *Boykin* v. *Perry*, 4 Jones 325 ; *State* v. *Johnson*, 1 Ire. 354 ; *Powell* v. *W. & W. R. R. Co.*, 68 N. C. 395 ; *State* v. *Dick*, 2 Winst. 45, cited and approved.)

INDICTMENT for Larceny with a count for Receiving, &c., tried at Fall Term, 1877, of RANDOLPH Superior Court, before *Buxton, J.*

The defendant was charged with stealing a horse and mule, the property of Mary E. Bray, or receiving the same knowing them to have been stolen. The exceptions taken upon the trial are embodied in the opinion of this Court delivered by Mr. Justice BYNUM. Verdict of guilty. Judgment. Appeal by defendant.

*Messrs. A. W. Tourgee* and *J. T. Morehead,* who prosecuted in the Court below, appeared with the *Attorney General* for the State.

*Mr. J. N. Staples,* for the defendant.

BYNUM, J. This case is before us on the appeal of the defendant from the refusal of the Court below to give him a new trial for alleged errors, which we will specify and dispose of in their order.

1. Exception. The character of the prosecuting witness was impeached by the defendant. A witness examined for that purpose testified that he was acquainted with the general character of Mary E. Bray, and that it was bad. He was then asked the question—" From her general character in the neighborhood would you believe her on oath ?" The answer was objected to by the State, and ruled out by the Court. In that ruling there was no error. This question of practice has been settled in this State for over twenty years and, as settled, has been acted upon by the profession uniformly ever since the decision of the Court in the case of *Hooper* v. *Moore*, 3 Jones 428. We are aware that there are conflicting decisions in other States and countries upon the admissibility of such a question and answer, but we adhere to our own decisions as being founded on the better reason, and because *it is* the decision of our own Court.

2. Exception. That while the Judge in his charge to the jury recapitulated all the circumstances relied on by the State, he omitted several of the most important relied on by the defendant.

These several facts which were omitted by the Judge are enumerated in the exception, and of them it is only necessary to remark, that they all are collateral to the main issues on trial, and that the case states that they were fully commented on in the argument. The Court permitted the parties to raise immaterial issues and as a consequence to take a wide range in the introduction of collateral testimony. But for finding a bill of indictment in the record it would be difficult to gather from it that a person had been on trial for larceny and receiving stolen goods. As tried it was essentially a civil action to try the title to a mule and colt in which the case was made principally to turn upon side issues, to wit, the adultery and fraudulent bankruptcy of the defendant. The Judge was therefore right in passing by all evidence not strictly relevant, as only calculated to distract

and mislead, and in directing the minds of the jury to the evidence material to the true issues. This we think he did fairly and with sufficient fullness. It is preposterous to expect a Judge in summing up to repeat all the evidence adduced in a prolonged trial. The law gives general directions only, as to the manner and substance of his charge, necessarily leaving to him a large discretion in the particulars of it, the exercise of which must depend upon and be governed by the exigencies of each particular case. That this discretion may not be abused, it is the right and duty of counsel, before or during the charge and before the jury shall be sent out to consider of their verdict, to ask for such instructions to the jury, both as to evidence improperly omitted, and that which has been stated correctly, and to declare and explain the law arising thereon. Fairness to the Judge, as well as the due and orderly administration of justice, requires that his attention should be called to all errors and omissions in stating the evidence, before it is too late to correct them,—that is, before the jury retire from the box, and certainly before the verdict is returned. The exception we are considering was not made until after the rendition of the verdict. The exception came too late, unless it can be made clear to this Court that the error or omission amounted to an error in law. Nothing of the kind appears here. It unfortunately occurs frequently, and perhaps it occurred in this case, that counsel do not discover the shortcomings of the Judge, until the verdict comes in—against them. This exception is overruled. *State* v. *Moses,* 2 Dev. 452; *Simpson* v. *Blount,* 3 Dev. 34; *State* v. *Scott,* 2 Dev. & Bat. 35; *State* v. *Haney,* 2 Dev. & Bat. 390; *Boykin* v. *Perry,* 4 Jones 325.

3, 4. Exception. The defendant had conveyed the land on which she lived to the prosecutrix and in her examination she was allowed to testify that the conveyance was made before he went into bankruptcy. The prosecution under objection was then allowed to ask the prosecutrix if

the defendant's indebtedness to her was any part of the consideration of the deed, and she answered that it was not. It does not appear at whose instance the evidence as to the conveyance of the land was brought out, but as it was wholly inmaterial, and was not objected to, it was not error to allow the witness to explain the whole transaction. And so the argument, founded on that evidence, though it might properly have been arrested by the Court, was a matter within its discretion to allow or disallow, under all the circumstances of the case. This Court will not undertake to supervise that discretionary power, unless it clearly appears to have been abused, and to the prejudice of the defendant. It does not so appear.

5. Exception. The counsel for the State used this argument to the jury : "That at some time or other, possibly one of them might be compelled to have a suit for property upon which he relied for subsistence, and the person with whom he was in litigation might seize and detain it, as the defendant had done in this case ; that they must remember that at some time one of them might be placed in the circumstances of the prosecutrix, and as they would expect justice themselves, so they must mete it out to the prosecutrix." The Judge here stopped the counsl, and told him he must not appeal to the fears or prejudices of the jury. The Judge could hardly have done less, and we think he was not required to do more. The rebuke was well-timed and sufficient. The State, properly represented, never asks that one of her citizens shall be either convicted of a high crime or imperiled in his trial by appeals to the passions and selfish private interests of the jurors. Her prosecutions are placed upon higher grounds ; the evidence should be legal, and pertinent, fairly and impartially stated to the jury, and the deductions and argument therefrom legitimate and candid.

6 Exception. One Alfred Caveness was sworn as a witness

for the defendant but not examined by him, and was tendered to the State.  The State's counsel proposed this question: "Upon a trial at Ashboro some time ago, in which the defendant was a party and Mary Bray, the prosecutrix, a witness, did you not hear the defendant prove her to be a woman of good character?"  The question was excluded and the witness stood aside and not further examined.  In his argument to the jury the State's counsel, "adverted to the question propounded, the proposed proof and the objection thereto by the defendant."  Upon objection to such comments by the defendant the prosecuting counsel desisted, and the Judge neither then interfered nor did he correct or allude to it in his charge.  When the witness was made to stand aside for the reason assigned, it was for all the purposes of the trial as if he had never been introduced ; and any allusion to the fact for the purpose of drawing inferences unfavorable to the defendant was altogether improper ; and if it had appeared that in fact, such unfavorable deductions had been drawn and impressed upon the jury, without any interference or correction by the Judge when his attention had been called to it, it would have constituted error.  But unfortunately for the defendant, the exception does not specify *what was said by the State's counsel*, so that this Court can see that he was prejudiced by the irregularity.  That is always necessary.

7. Exception.  In the argument to the jury, the counsel for the State said : "That if the Judge had believed that the defendant had made out a fair claim to the property, His Honor would have directed a verdict of acquittal without their leaving the box ; but as he had not done so, the Judge must not have believed that a fair claim of property had been shown by the defendant."  This passed unnoticed by the Judge then, and in his charge to the jury.  But when the jury returned with a verdict of guilty and on being polled, three of the number did not concur, the Judge then

for the first time informed the jury " that he had no opinion of his own, and that it was improper for the counsel so to have represented him. "

This came too late. The remarks of the State's counsel were improper; they conveyed a false belief to the minds of the jury and were calculated to mislead only. They were spoken in the presence of the presiding Judge and not being corrected by him, they came to the jury with the impress of his assent and approbation. With such false convictions upon their minds, the jury retired and made up their verdict.

The Judge admits his error by his subsequent attempt to correct it but it was too late to afford any well grounded assurance that the case of the defendant had not been prejudiced thereby. To permit the verdict to stand, under such circumstances, would be to throw suspicion and distrust upon the impartial administration of justice by jury trial. *State* v. *Johnson*, 1 Ire. 354; *Powell* v. *W. & W. Railroad Co.*, 68 N. C. 395; *State* v. *Dick*, 2 Winst. 45.

8. Exception. The counsel of the defendant asked the Court to instruct the jury: "That if they believe that the defendant, although he may not have taken the property himself, but finding it at his house detained it under a claim of right, he cannot be convicted on the second count in the bill." This instruction was given with the qualification added " that such claim must be a *bona fide* claim, that is, a claim made in good faith, a claim believed in by himself, and not a mere sham claim, or pretence of a claim. " As the defendant was acquitted upon the first count, for stealing, it is not necessary to allude to the instructions asked for or given upon that count, or to the last exception, which is substantially included in the one set out. We think the instruction upon the count for receiving was substantially correct and that the explanatory addition thereto, made by His Honor, did not materially change the instruction as prayed for.

STATE *v.* CAVENESS.

A more serious question is, whether it was not the duty of the Court to have instructed the jury that there was no evidence to convict the defendant upon the second count. Assuming that all the material evidence is set out in the case, the sum of it is, touching the second count, that the property was stolen one night and found next morning in the defendant's stable.   That he was not then at home, and, in point of fact, was in another County, forty miles distant and did not return until the second day after the occurrence, He certainly did not *receive* the property until his return, as there is no evidence of previous guilty knowledge or conni-vance.   To be guilty, he must have known at the moment of receiving it that it had been stolen, and he must at that time have also received it with a felonious intent.   There is no evidence that he had any knowledge then imparted to him, of the circumstances under which the property was found upon his premises, communicating to him notice of the felony; and his subsequent open and notorious user, and both previous and subsequent claim of the property as his own, are inconsistent with felonious intent at the time of receiving, which is necessary to constitute guilt upon the second count.

As however the evidence is not fully stated and neither the attention of the Court nor counsel seems to have been directed to this infirmity in the case, we do not rest our de-cision granting a new trial upon this point, but upon the error of the Court in respect of the 7th exception.

There is error.

PER CURIAM.                              *Venire de novo.*