W. B. MARSH v. J. A. RICHARDSON.

*Boundary — Evidence — Province of Jury — Practice — Special Instructions.*

1. Where, in an action to recover land, the boundary line between plaintiff and defendant is in dispute, and the calls in defendant's deed are for certain natural objects, but there is a controversy as to their location, and there is testimony that at the time the plaintiff sold the land to defendant's grantor a line was surveyed and corner marked, which does not reach the object described in the deed, it is within the exclusive province of the jury to locate the disputed line.

2. Where defendant claims through *mesne* conveyances from plaintiff, it is competent to prove by plaintiff that at the time of his conveyance to defendant's grantor, a certain line was surveyed and a corner marked by him.

3. It is not error to decline to give an instruction asked after the close of the evidence.

This was a CIVIL ACTION, for recovery of land, tried before *Clark, J.,* at February Term, 1889, of the Superior Court of UNION County.

Plaintiff offered in evidence two deeds executed to himself by the widow and heirs at law of Urias Horn, deceased, bearing dates, respectively, 1843, 1851, both of which deeds were duly recorded, and purport to convey in fee-simple, a tract of land, as represented on the plat, by the boundaries 1, 2, 3, &c., to 14, and back to 1.

Plaintiff next offered in evidence—

1. Deed from plaintiff to J. A. Dunn, dated January 1, 1869.

2. Deed from J. A. Dunn to J. A. Marsh, bearing same date.

3. Deed from J. A. Marsh to the defendant, dated September 20, 1869.

The deed to Dunn and the deed to defendant (each conveying 94 acres) are identically the same as to description and quantity of land conveyed by them.

The only contention between the parties was as to what land these deeds covered. The plaintiff contended that the land conveyed by him was represented by the letters E F B A G I E. The *locus in quo* is represented by B A D C B.

The deed from J. A. Dunn to J. A. Marsh, as was admitted, covers the same land that was conveyed in said two deeds, and also some land lying south of the line A D G, and adjacent to said line. Defendant claimed the land in dispute only by virtue of said deeds.

Plaintiff offered evidence tending to show that the location of the western boundary of the land conveyed by him to Dunn was represented by the line C D. Defendant offered evidence in contradiction of same, and tending to show that the location of said western boundary was represented by line B A.

Plaintiff Marsh was introduced as witness in his own behalf. Defendant objected to witness testifying as to any transaction or communication between witness and J. A.

Dunn, it being admitted that Dunn had died before the institution of this suit, and the Court announced that it would exclude all such testimony. Plaintiff testified, among other things, that when he sold the land to Dunn a survey was made, but only one line was run, and that line was from C to D; that witness marked said line with his pocket-knife, and put a pine knot at D, and marked four pines as pointers at the point D. To this testimony defendant objected as being in violation of section 590 of *The Code*. The Court ruled that witness had not testified as to any transaction between himself and Dunn. Objection overruled, and exception. Witness was not allowed to state on direct examination that Dunn was present at the survey, but defendant, on cross-examination of witness, elicited the fact. At the secret survey defendant was present, and asserted that C D was the correct line.

J. A. Marsh, grantee of Dunn and grantor of defendant, was introduced as witness for plaintiff, and testified that he was present at the survey made at the time plaintiff deeded the land to Dunn. Defendant objected as violative of section 590 of *The Code*. Overruled. Exception.

Witness testified (defendant objecting) that, at the time of said survey, W. B. Marsh marked four or five pines with a knife at the point D, and also trees on and along the line C D; that no marks were made at A; that the line B A was not run, and that no line was run to A.

It was in evidence, and not contradicted, that defendant, a year or two before this suit, took possession of the *locus in quo*, and still holds possession thereof, and that plaintiff was for a long time before the trial in possession of all of the land included within the solid line, lying west and south-west of the line B A, and contiguous to said line.

Defendant was examined, and denied that at the secret survey he asserted that C D was the correct line, as W. B. Marsh had testified.

The following issues were submitted:

1. Is plaintiff the owner and entitled to possession of the premises? Ans. Yes; from B to D, diagonally across.

2. Does defendant wrongfully withhold possession of the same? Ans. Yes; in part, from B to D.

3. What damage has plaintiff sustained? Ans. Five dollars.

The defendant asked the following special instructions:

1. Where the boundary named in a deed is, is a question of fact for the jury; and what it is, is a question of law for the Court; and, therefore, the boundary of the land in dispute is that named in the deeds from W. B. Marsh to J. A. Dunn, and from said Dunn to J. A. Marsh, and from Marsh to the defendant. Where it is, must be found by the jury from the evidence.

2. In passing upon the question as to where the boundary is, it is the duty of the jury to give full force to every call in said deed, if can be, disregarding none, if not obliged to do so; and if any part of the description is to be disregarded, quantity, distance and course must give way in the order named.

3. If the jury should be of opinion that the description in the defendant's deed covers the land in dispute, they must so find, and the fact that a different line from that called for in the deed was actually run and intended by the parties can make no difference.

4. Even if the jury should find that the plaintiff and Dunn and J. A. Marsh begun their survey at 6 or 9, and ran to D, yet, if the description in the deed does not go along that line, but follows the line B A, the jury must adopt the latter line.

5. If the jury should find that B is one of the corners called for in the defendant's deed, and that by running the course and distance of the next call, a point will be reached in an old field on the line B A by as many as four pines,

they will not be justified in changing this line, even though a different line may have been actually run and intended before said deed was written.

6. If the jury should find that the defendant's deeds cover the land in dispute, they must so say, notwithstanding they may believe that the defendant may have said he was satisfied that D was the corner.

7. The fact that W. B. Marsh and J. A. Dunn ran a line, in the absence of proof of an agreement between them that the line run should be established as a boundary, is no proof that the true boundary of the land conveyed is from C to D, as claimed by plaintiff; that there is no proof of an agreement between Dunn and W. B. Marsh that the line C to D was established as a boundary line of the land conveyed by W. B. Marsh to Dunn, from Dunn to J. A. Marsh, and from J. A. Marsh to J. A. Richardson.

The Court gave the 1st, 2d and 6th of these instructions, and refused the 3d, 4th and 5th, charging in lieu thereof the 3d section of head-note in *Baxter* v. *Wilson*, 95 N. C., 138. In lieu of the 3d, 4th and 5th instructions, the Court also gave the following instructions:

1. As a general rule, natural objects called for in a deed will govern course and distance; but there are exceptions to the rule, one of which is, where it can be proved that a line was actually run and marked and a corner made, such line will be taken as the true one, although the deed calls for a natural object not reached by said line; and if the jury believe from the evidence that the line C D was run and marked as a line, and a corner made and marked at the point D, they must find the line C D to be the true line, although it does not reach or touch the point described as "a stake by a P. O. and 2 pines," which the defendant claims to be the point B.

2. That if the jury believe that one of defendant's corners is at the point B, and that if the next corner called for in

his deed is at the point D, it is the duty of the jury to find as a true line a straight diagonal line running from B to D and intersecting the *locus in quo*.

The 7th instruction asked for by defendant was handed up after the charge began, and was not given.

To the instructions refused, and to those given by his Honor, defendant excepted.

There was a verdict for the plaintiff, and defendant filed the following bill of exceptions, upon which he moved for a new trial:

1. For error in the admission of the evidence of W. B. Marsh and James A. Marsh, as set forth in the 1st and 2d exceptions stated in the case on appeal.

2. For that his Honor erred in refusing the 3d, 4th, 5th and 7th instructions prayed for by defendant, and in giving those set forth above in lieu thereof.

3. For that the verdict as rendered is so vague, indefinite and uncertain that it cannot be told therefrom on which side of the line B D, the land they have found belongs to the plaintiff, is the quadrilateral, A B C D being the land described in the complaint and sued for in this action.

The exceptions were overruled, motion for new trial denied, and judgment rendered for the plaintiff.

The defendant, having excepted, appealed.

The following is a diagram of the land in controversy:

MARSH *v.* RICHARDSON.

Plaintiff's claim—solid line A J K L M N B C D A.
Defendant's claim—broken line E F B A G H I E.
Land in dispute—A B C D.

106 — 35

*Mr. J. J. Vann*, for plaintiff.
*Mr. D. A. Covington*, for defendant.

AVERY, J.—after stating the facts: The disputed territory is designated on the plot by the letters C B A D C, and the title to it depends upon the questions, whether the second call of the deed from plaintiff to J. A. Marsh, and that from the latter to defendant (the description in both being the same), terminates at C or B, and whether the third call in said deeds terminates at D or A. The material portion of the description in said deed was as follows, viz.:

"Beginning at a stake by a post-oak at the end of a lane, C. Rogers' corner; thence with his line south 75 west one chain and 80 links to a stake by two pines and two post-oaks, a corner of the lands of Susan Marsh" (admitted by the parties to be at a point represented on the plot by F); "thence with a line of said lands south 67½ west forty chains and 90 links to a stake by a post-oak and two pines" (either at C or A, according as the contention of the plaintiff or defendant might be sustained by the jury); "thence south 1 east thirty chains to a stake by four pines in an old field" (located, as plaintiff contends, at D, or, as defendant contends, at A).

The defendant assigned as error in the charge, especially the fact that in lieu of the 3d, 4th and 5th paragraphs of instruction asked, the Court gave those numbered 1 and 2.

The abstract rule laid down by the Court in the first paragraph of the instruction given (embodying a part of the syllabus in *Baxter* v. *Wilson*, 95 N. C., 137) is not erroneous; but, in so far as the application of it made by the Court to the facts of this case, is susceptible of the construction that even if the jury should reach the conclusion that the true location of the "stake by the post-oak and two pines" was at B, they must be controlled by the survey made in view of the conveyance (if the plaintiff's witness was worthy of

credit), and find that said corner was at C, we do not concur with the Court below. But as the jury actually found that the corner was at B, it is evident that they were not misled in the only way in which the objectionable instruction was calculated to misguide them, and therefore the defendant cannot ask to have the verdict set aside on account of an error that did not injure him.

There was testimony tending to support the contention of both parties by locating the third corner either at C or B, and the fourth corner called for in defendant's deed, either at A or D. So that the jury were at liberty, in the exercise of their exclusive right, to locate the disputed line from C to D, or from B to A, or to adopt either of the diagonal lines that may be designated on the plot as C A or B D, and they did find that B D was the true southern boundary, thus dividing the land in controversy and making the defendant's possession as to one-half of it wrongful.

The defendant claimed through three *mesne* conveyances from the plaintiff—

1. A deed from plaintiff to J. A. Dunn.

2. A deed from Dunn to J. A. Marsh.

3. A deed from J. A. Marsh to the defendant.

The plaintiff, as a witness in his own behalf, was allowed to testify that at the time of the sale to Dunn, "a survey was made, but only one line was run, and that line was run from C to D," and that was marked by him at the time, and he also then put up a pine knot and marked four pines as pointers at D.

The defendant objected on the ground that the testimony was rendered incompetent by *The Code*, § 590, and excepted to the refusal of the Court to sustain said objection.

Subsequently, on the cross examination of the same witness, the fact was developed that J. A. Dunn (who had died before the trial) was present at said survey.

Said J. A. Marsh was also examined, and his testimony, after similar objection, was substantially the same as that of plaintiff, and, in addition, that no line was then run from B to A. We do not consider that the evidence of either was justly amenable to the objection made, because there was no proof offered of a transaction or communication with J. A. Dunn. *March* v. *Verble*, 79 N. C., 19; *Isenhour* v. *Isenhour*, 64 N. C., 641. *Brower* v. *Hughes*, 64 N. C., 612. The evil intended to be prohibited by section 590, was that of allowing an interested witness to testify as to a transaction or communication between himself and a person who was dead, and whose testimony as to the same transaction had not been offered in the shape of a deposition or declarations in relation to the same matter. Neither of the witnesses, in fact, spoke of a transaction with Dunn, but of an independent fact We must infer from the circumstances that others, perhaps many living persons, were present at the survey besides the two examined, and that the witnesses could have been contradicted if they did not tell the truth. We do not think that defendant's exception comes within the mischief intended to be obviated by the statute. *Leggett* v. *Glover*, 71 N. C., 2.1; *Peacock* v. *Stott*, 90 N. C., 518.

It was conceded on argument that error could not be assigned for failure to charge as requested in paragraph seven of the instruction asked by defendant, which was handed to the Judge after the close of the evidence; but if no such admission had been made, the ruling of the Court, in refusing to entertain the prayer of defendant, is fully sustained by adjudications of this Court. *Powell* v. *Railroad*, 68 N. C., 395; *Taylor* v. *Plummer*, 105 N. C., 56.

Judgment affirmed.