### J. G. POSEY v. P. F. PATTON.

*Appeal—Instructions—Trial—Conduct of.*

1. Special instructions requested after the Judge concluded his charge will not be considered, although the refusal to give them was not put upon the ground that they were not asked in apt time.

2. That the Judge, during the progress of the trial, made a memorandum in small letters and figures on the paper containing the issues, which corresponded with the answer given by the jury to that issue, which he inadvertently omitted to erase before handing the paper to the jury, cannot be first excepted to in the appellant's case on appeal, where, upon discovering the memorandum, the jury informed the Court that they had given the matter no consideration, and the Court was not requested to set aside the verdict for that reason.

This was a CIVIL ACTION, tried before *Hoke, J.,* at Spring Term, 1891, of the Superior Court of HENDERSON County.

There were no exceptions to the charge or to the evidence. After the Court had concluded the charge, and as the jury were about to retire, the defendant's counsel preferred a written request for instructions, and excepted because the same were not given.

The Court remarked that the charge had already been given in substance, and declined to further charge the jury on the subject. Defendant excepted.

As the evidence progressed, the Court made a memorandum, in pencil, in small letters and figures just below the written matter of the second issue, and above the next ruled line as follows, "$493.88, interest from May 1, 1890," and neglected or omitted to erase such memorandum before handing the issues to the jury. The jury, after remaining out a short while, returned a verdict "Yes" to the first issue, and to the second issue "$493.88, with interest from May 1, 1890." The jury wrote out their answer to each issue and returned their verdict in open Court.

The memorandum was unsigned, and there was nothing to indicate to the jury that same had been made by the Court.

On examining the verdict, the Court perceived that the memorandum had been left in the paper, and remarked to the jury that it was an inadvertence. The jury made answer that they had given the memorandum no consideration.. This occurred in the presence and hearing of the defendant's counsel in open Court, and they make no objection or excepto the verdict. The counsel do make an exception for this reason in their case for appeal served on plaintiff, and this was the first time, and only way, their objection was made known. Judgment for plaintiff. Appeal by defendant.

No counsel for plaintiff.
*Mr. Theo. F. Davidson,* for defendant.

CLARK, J.: The prayer for instructions came too late. It should have been asked at or before the close of the evidence. *The Code,* §§ 414, 415; *Powell* v. *Railroad,* 68 N. C., 395; *Davis* v. *Council,* 92 N. C., 725; *State* v. *Rowe,* 98 N. C., 629; *Taylor* v. *Plummer,* 105 N. C , 56; *Marsh* v. *Richardson,* 106 N. C., 548; *Grubbs* v. *Insurance Co.,* 108 N. C., 472. This is a just and reasonable requirement. It is not fair to the opposite party to ask the Judge, at such a late moment, for an instruction to be given or refused, hastily perhaps, at the peril of a new trial with the consequent expense to parties, which might be avoided if the instruction was asked at or before the close of the evidence, when the Judge would have fair opportunity, during the argument of counsel to the jury, for the consideration of the legal propositions involved. A trial is not intended to be a game of surprises, but a calm, orderly, deliberate settlement of the matters in controversy. It is not to be supposed that there was here any intention of counsel to take advantage by the sudden presentation of the prayer

for instruction, but the reason of the requirement is shown in this very case where the learned Judge thought he had already given the instruction asked, and counsel now contend that he had not. It is true the Judge did not put his refusal of the instruction on the ground that it was asked too late. The law does that. It was incumbent on the appellant to prefer the request to charge in writing and in apt time. When it appears that either of these requisites was wanting, the exception for failure to give the charge cannot be sustained.

It does not appear that the request to charge was read in the presence of the jury. We presume that it was not. If it was not, the jury could draw no inference prejudicial to the appellant from its refusal, nor can he complain of an omission to charge on a particular phase of the case as to which no instruction was properly asked. *Boon* v. *Murphy*, 108 N. C., 187, and cases there cited. If the prayer for instruction was read in the hearing of the jury, still less was the appellant prejudiced, as the remark of the Judge, even if incorrect, that he had already given such charge, was equivalent to telling the jury that such was the law. As to the memorandum on the issue, the case states that the Court, discovering that it had not been erased, of its own motion and very properly, called the matter to the attention of the jury with the purpose, it must be presumed, of setting the verdict aside if any prejudice had been caused by the inadvertence. " The jury made answer that they had given the memorandum no consideration." If there had been anything tending even to put it in doubt, whether prejudice may not have been done the appellant by the inadvertence, we feel sure that the just Judge who presided would unhesitatingly and promptly have set the verdict aside. It seems the appellant's counsel did not think their client had suffered any harm, for they neither made any exception then nor moved for a new trial on that account. The exception on that

ground was first taken in making out appellant's case on appeal. This was too late, even if there had been any merit in the exception. It has been often held that an exception to the charge, or for a refusal to charge, may be taken for the first time by appellant on stating his case on appeal. *Taylor* v. *Plummer, supra; Lowe* v. *Elliott,* 107 N. C., 718; but that exceptions as to all other matters must be taken *at the time* or they are waived. *The Code,* § 412 (2); *State* v. *Ballard,* 79 N. C., 627; *Scott* v. *Green,* 89 N. C., 278; *State* v. *Brown,* 100 N. C., 519; *Bank* v. *McElwee,* 104 N. C., 305.

No error.