MABEL FLORENCE JONES BROWN AND TOM D. JONES AND CARRIE E. JONES v. C. G. HODGES AND WIFE, CARRIE HODGES, AND CHARLES M. HODGES.

(Filed 23 May, 1951.)

**1. Appeal and Error § 51c—**

An opinion of the Supreme Court must be considered with a view to the case in which it was delivered.

**2. Boundaries § 3b—**

A call to a natural boundary will control courses and distances as set out in the description in the deed.

**3. Boundaries § 3d—**

Where cotemporaneously with the execution of the deed, a line is run and marked and a corner made, such corner will control a call to a natural boundary or courses and distances set out in the deed.

**4. Boundaries § 5h—**

A call to the corner of an adjacent tract will control distance called for in the description in the deed provided such adjacent corner is sufficiently established.

**5. Boundaries § 5a—**

Parol evidence is not competent to alter the courses and distances as set out in the description in a deed when the deed contains no call to a natural boundary and there has been no cotemporaneous line run and marked and a corner made upon the land.

**6. Boundaries § 3d—**

The rule that a cotemporaneous survey made by the parties will control courses and distances as set out in the description in the deed does not apply unless the line is marked and a corner made upon the land, which requires the giving to the line a permanent location and to the corner a permanent position, and stakes for marking the line and fixing the corner, without more, are too lacking in stability and fixedness to serve as monuments for this purpose.

PETITION to this Court by plaintiffs, appellees, to rehear this case, reported in 232 N.C. 537, 61 S.E. 2d 603, and "upon such rehearing (a) to affirm the judgment of the Superior Court of Watauga County, or (b) at least correct the holdings contained in the opinion of the Court to the effect that parol evidence is not competent to establish a boundary line, and in holding that a boundary line actually surveyed upon the lands at the time the deeds were executed would not control as against the calls in the deed." The facts shown in the record on appeal are fully stated in the opinion to which the petition to rehear relates.

*Burke & Burke and Trivette, Holshouser & Mitchell for plaintiffs, appellees.*

*Bowie & Bowie and Higgins & McMichael for defendants, appellants.*

WINBORNE, J. "Every opinion, to be correctly understood, ought to be considered with a view to the case in which it was delivered,"—so declared *Chief Justice Marshall*, writing in 1807 in *U. S. v. Burr,* 4 Cranch 469, at 481. And the rule has been expressed in opinions in cases before this Court, among which are these: *Light Co. v. Moss,* 220 N.C. 200, 17 S.E. 2d 10; *S. v. Utley,* 223 N.C. 39, 25 S.E. 2d 195; *S. v. Boyd,* 223 N.C. 79, 25 S.E. 2d 456; *Byers v. Byers,* 223 N.C. 85, 25 S.E. 2d 466; *S. v. Crandall,* 225 N.C. 148, 33 S.E. 2d 861; *Bruton v. Smith,* 225 N.C. 584, 36 S.E. 2d 9; *In re Adoption of Doe,* 231 N.C. 1, 56 S.E. 2d 8.

However, since the opinion in the instant case is apparently misunderstood, and to avoid the possibility of further misunderstanding, it is deemed expedient to amplify and spell out the principles therein applied.

Long ago this Court, in *Cherry v. Slade,* 7 N.C. 82 (1819), in an opinion by *Taylor, C. J.,* set out rules which had then "grown out of the peculiar situation and circumstances of the country," and been "estab-

lished by decisions of the Court for settling questions relative to the boundary of land." These rules are:

"1. That whenever a natural boundary is called for in a patent or deed, the line is to determine at it, however wide of the course called for it may be, or however short or beyond the distance specified. The course and distance may be incorrect, from any one of the numerous causes likely to generate error on such a subject; but a natural boundary is fixed and permanent, and its being called for in the deed or patent, marks beyond controversy, the intention of the party to select that land from the unappropriated mass. . . .

"2. Whenever it can be proved that there was a line actually run by the surveyor, was marked and a corner made, the party claiming under the patent or deed, shall hold accordingly, notwithstanding a mistaken description of the land in the patent or deed. . . .

"3. Where lines or corners of an adjoining tract are called for in a deed or patent, the lines shall be extended to them, without regard to distance, provided those lines and corners be sufficiently established, and that no other departure be permitted from the words of the patent or deed, than such as necessity enforces, or a true construction renders necessary. . . .

"4. Where there are no natural boundaries called for, no marked trees or corners to be found, nor the places where they once stood can be ascertained and identified by evidence, or where no lines or corners of an adjacent tract are called for, in all such cases, we are, of necessity, confined to the courses and distances described in the patent or deed; for, however fallacious such guides may be, there are none others left for the location."

And this Court, in *Reed v. Schenck,* 13 N.C. 415 (1830), in opinion by *Henderson, C. J.,* referring to the principle as enunciated in the second of the rules set out in *Cherry v. Slade, supra,* held that parol evidence to control the description of land contained in a deed is in no case admissible, unless where monuments of boundary were erected at the execution of the deed; that where the boundaries of land never were marked, nothing can alter the course and distance of the deed; that, therefore, where a deed called for a front of six poles, and parol evidence was received to prove that six poles and six feet were intended, in the absence of proof that the line was run and marked, parol evidence was improperly received.

And the subject of parol evidence as to stake boundaries was treated by this Court in the second appeal in *Reed v. Schenck,* 14 N.C. 65 (1831), —all three members of the Court, *Henderson, C. J.,* and *Hall* and *Ruffin, JJ.,* writing. The opinion there is epitomized in the headnote as follows: "The terminus of a line must be either the distance called for in the deed, or some permanent monument, which will endure for years, the erection

of which was cotemporaneous with the execution of the deed. A stake is not such a monument, and the evidence of its erection when the land was surveyed is not admissible to control course and distance."

Moreover, *Henderson, C. J.,* wrote in part: "To permit parol evidence to show that a stake was put up, or was seen at or near the spot, is to permit proof in opposition to the intention of the parties. For if one was actually set up, it was designed for some temporary purpose, and not as a landmark whereby the boundaries should be established. For the parties designed a more certain description. The court should not have heard the evidence, or having heard it, should have instructed the jury that such evidence did not vary the description given by the course and distance in the deed. For it is the province of the court to declare what are the calls of a deed, and where there is more than one call, which is the controlling one."

And *Ruffin, J.,* concurring "with the senior members of the Court," stated his views as follows: "A deed is construed by the court, not by the jury. What land by its terms it was intended to cover is just as much matter of law as what estate it conveys. I do not mean that the location of the *termini* is decided by the court, for that is to be learned only from witnesses. But *what* are the *termini,* wherever found by the jury, must be ruled by the court. Where a deed therefore is read, the court says, it covers the land only between such and such points. If any of the particular rules of construction, made necessary by our situation and adopted by our courts, are then resorted to, for the purpose of showing that it covers other and more land than by its words it would, the evidence offered to that point, except as to its veracity, is still addressed to the court. It must be so, else the construction is with the jury. If a stake is called for, it is not to be proved to the jury, that there was a stake, and they told that if they are satisfied it was set up for a boundary, and are also satisfied that the boundary thus designated was made upon actual survey, they may carry the deed to it, because in law an object thus perishable, and so easily destroyed or removed, is not sufficient to control the deed; and it would be just as reasonable to control it, upon mere proof of a survey to a particular spot, not at all designated by a call in the deed, nor marked by any erection whatever. The jury are not to hear this evidence as a ground of inference by them that particular land was actually surveyed, because if it was surveyed it was not conveyed by the deed. All matter is indeed subject to decay, but that portion of it which must by nature be decomposed in a very short time cannot be deemed a *landmark* sufficiently obvious and durable to alter the construction of a deed. It is going far enough to admit such an influence for objects longer lived than one or two generations of men. If then, after giving full credence to testimony, it does not establish a fact sufficient in law to alter the construction, the

court must pronounce it. In other words, the court must pass upon the sufficiency of the proof. There is no difficulty in understanding this, if we suppose the court, as regularly they might and perhaps ought to call on the counsel to state the purport of his evidence, when he offered the witness. If it did not establish a case for going off from the deed, no part of it could be heard. It would be irrelevant, because insufficient for the purpose designated.

"*Stakes* have never yet varied the construction. *Marked trees,* though *not called for,* have, where they were proved by the annual growth to have been marked for the particular tract. To relax the rule still further would be to let in an inundation of fraud, perjury and alteration of landmarks. Difficulties enough have been experienced in expounding and locating deeds under the established rules, and the safety of titles requires' that the doctrine should stand at what it is."

The rules set out in *Cherry v. Slade, supra,* and the principles enunciated in the cases of *Reed v. Schenck, supra,* have been treated and applied in decisions of this Court throughout the subsequent years. The second rule is treated as an exception to the general rule that natural objects called for in deed will control course and distance.

For instance, in *Baxter v. Wilson,* 95 N.C. 137, it is held that as a general rule, natural objects called for in a deed will govern course and distance, but there are exceptions to the rule, one of which is, where it can be proved that a line was actually run and marked and a corner made, such line will be taken as the true one, although the deed calls for a natural object, not reached by such line. See also *Marsh v. Richardson,* 106 N.C. 539, 11 S.E. 522.

And in *Clarke v. Aldridge,* 162 N.C. 326, 78 S.E. 216, the Court, through *Hoke, J.,* declared that "it has long been held for law, in this State, that when parties, with the view of making a deed, go upon the land and make a physical survey of the same, giving it a boundary which is actually run and marked, and the deed is thereupon made, intending to convey the land which they have surveyed such land will pass, certainly as between the parties or voluntary claimants who hold in privity, though a different and erroneous description may appear on the face of the deed. This is regarded as an exception to the rule, otherwise universally prevailing, that in the cases of written deeds the land must pass according to the written description as it appears in the instrument (*Reed v. Schenck,* 13 N.C. 415); but it is an exception so long recognized with us that it must be accepted as an established principle in our law of boundary."

Then the writer, *Hoke, J.,* reviews pertinent authorities, and refers to, and quotes with approval the language of the second rule stated in

*Cherry v. Slade, supra,* and the principle declared in *Reed v. Schenck, supra,* that "parol evidence to control description of land contained in a deed is in no case admissible, unless where monuments of boundary were erected at the execution of the deed."

And in *Lumber Co. v. Lumber Co.,* 169 N.C. 80, 85 S.E. 438, this Court, in opinion by *Walker, J.,* referring to the principle of the second rule laid down in *Cherry v. Slade, supra,* had this to say: "But the insuperable obstacle of the application of this rule is that the line must have been 'marked and a corner made.' "

The expression "line marked and a corner made" means giving to a line a permanent location, and to a corner a permanent position. Webster defines the word "permanent," as "continuing or enduring in the same state, status, place, or the like, without fundamental or marked change; not subject to fluctuation or alteration; fixed or intended to be fixed; lasting; abiding; stable; not temporary or transient." Webster's New International Dictionary.

But stakes, without more, for the marking of a line or making a corner, are, as stated in the opinion here under challenge, too lacking in stability and fixedness as to serve as monuments for those purposes. Such is the thread of judicial decision on the subject in this State. *Reed v. Schenck, supra; Massey v. Belisle,* 24 N.C. 170; *Mann v. Taylor,* 49 N.C. 272; *Clark v. Moore,* 126 N.C. 1, 35 S.E. 137; *Tate v. Johnson,* 148 N.C. 267, 61 S.E. 741.

Therefore, in the light of these principles, adhered to in the opinion as reported in 232 N.C. 537, 61 S.E. 2d 603, applied to the facts of the case, the conclusion there reached is held to be correct after due consideration has been given to authorities cited by plaintiffs appellees, petitioners.

Hence the petition to rehear is dismissed.

Petition dismissed.